### SWAN v. BAILEY.

No. 9211—Opinion Filed Sept. 3, 1918.

(174 Pac. 1065.)

(Syllabus.)

1. **Fraudulent Conveyances — Debt Owing Wife—Consideration.**

A bona fide pre-existing debt owing a wife by her husband forms a good and sufficient

consideration for a conveyance or transfer by the husband of his real estate, either in payment or as security for such debt.

## 2. Same—Conveyances to Wife — Relationship.

The fact that the parties to a conveyance of real estate are husband and wife does not of itself establish fraud in the transfer as against a creditor of the husband; but their relationship may properly be considered in connection with the other facts and circumstances in evidence tending to impeach the transaction. Where the conveyance is to the prejudice of the husband's creditors, it will be closely scrutinized to see that it is fair and honest, and not a mere contrivance resorted to for the purpose of placing the husband's property beyond the reach of creditors.

## 3. Bankruptcy — Deed from Husband to Wife—Demurrer to Evidence.

More than four months before filing a voluntary petition in bankruptcy, W. D. B., while insolvent conveyed to his wife 210 acres of land worth $60 per acre, subject to incumbrances thereon amounting to $8,900. At the time W. D. B. was indebted to his wife in the sum of approximately $4,000 for rents from her separate estate consisting of her allotment of lands as an Indian citizen. Held, on a demurrer to the evidence in an action brought by the trustee in bankruptcy to set aside such conveyance as fraudulent, that the evidence failed to sustain the averments of the petition, and that the trial court did not err in taking the case from the jury and rendering judgment for the defendant.

Error from District Court, Grady County; Will Linn, Judge.

Suit by Allen K. Swan, trustee in bankruptcy of William D. Bailey, bankrupt, against Clementine Bailey. Judgment for defendant, from which plaintiff prosecutes error. Affirmed.

Morgan & Deupree and Barefoot & Carmichael, for plaintiff in error.

Riddle & Hammerly, for defendant in error.

SHARP, C. J. On the 29th day of May, 1915, William D. Bailey, the husband of Clementine M. Bailey, the defendant in error, was, on his voluntary petition filed in the District Court of the United States for the Eastern District of Oklahoma, adjudged a bankrupt. Afterwards, and on the 14th day of July, 1915, Allen K. Swan, the plaintiff in error here, was duly selected as the trustee in said bankruptcy proceedings. On the 16th day of November following Swan, as trustee, brought suit in the district court of Grady county to vacate and set aside as

fraudulent a deed to 210 acres of land situate in Grady county conveyed to Clementine M. Bailey by her husband under date of October 3, 1914; it being charged in the petition that the transfer was made for the purpose of defrauding the creditors of said Bailey, and of which fact the grantee therein was fully cognizant. Issues being joined, a jury was impaneled, and the plaintiff, after making certain formal proofs as to his qualification as trustee, and certain admissions being made in respect thereto not material to the issues presented on review, the plaintiff introduced as a witness in his behalf the bankrupt, W. D. Bailey, who testified at some considerable length in respect to the transactions connected with the making of the deed in question. At the conclusion of Bailey's testimony the defendant interposed a demurrer to the testimony, which was sustained by the court, the jury discharged, and judgment rendered in favor of the defendant. The one point urged for reversal is that the trial court erred in sustaining the demurrer to the evidence.

Counsel direct our attention to sections 1174, 2896, and 2899, Rev. Laws, which, they say, supported by the decisions of the court in Brooks v. Garner, 20 Okla. 236, 94 Pac. 694, 97 Pac. 995; Wimberly v. Winstock, 46 Okla. 645, 149 Pac. 238; Crisp v. Gillespey, 50 Okla. 541, 151 Pac. 196, and Webster v. Clopeck Fish Co., 51 Okla. 702, 152 Pac. 379, necessitate a reversal of the judgment of the trial court. We have carefully examined the sections of the statute cited, as well as the opinions relied upon, with the result that we are unable to agree with counsel's contention. It is true that section 1174 makes void a conveyance of real estate made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying, or defrauding creditors as against all persons to whom the maker is at the time indebted or under any legal liability, and that section 2896 provides that every conveyance of property made with intent to delay or defraud any creditor or any person of his demands, is void against all creditors of the debtor, while section 2899 provides (except as named in section 2897) that the question of fraudulent intent is one of fact and not of law. Notwithstanding the statute making the question of fraudulent intent one of fact, counsel say that the trial court held as a matter of law that the conveyance was not made with the intent to hinder, delay, or defraud creditors. We do not so understand the court's action. In sustaining the demurrer the court simply

held that plaintiff had failed to prove either that the conveyance was made without a fair and valuable consideration, or in bad faith, or for the purpose of hindering, delaying, or defrauding creditors. This proof was incumbent upon the plaintiff who undertook to establish the fact by placing on the stand the bankrupt himself. As the unimpeached and only testimony clearly established that at the time of the conveyance Bailey was indebted to his wife in a sum equal, if not in excess of, the value of his equity in the land, and that the conveyance was made in good faith, in discharge of his indebtedness to her on account of rents collected and used by him from her separate estate, and not for the purpose of delaying or defrauding his creditors of their demands, the trial court could not have done otherwise than sustain the demurrer.

The story detailed by Bailey as to his use of his wife's allotment and his agreement to pay her rentals thereon is neither unreasonable nor improbable. For either nine or ten years, he had collected the rents on 180 acres of bottom land belonging to his wife, with the understanding that he should pay her for the use thereof. This indebtedness he undertook to discharge by making a deed to his wife of 210 acres of land incumbered in the sum of $8,900. It is true that at the time Bailey was heavily involved, and we may fairly assume insolvent. In addition to being indebted to his wife in a large sum for rents, he had previously procured her to sign his note and execute a mortgage on her allotment to the Citizens' National Bank of Chickasha in the sum of $2,750. All of these facts being established by the plaintiff, and standing unimpeached, we cannot, upon mere conjecture or suspicion, pronounce them to be untrue. In affirming a judicial decision which is to determine the rights of the parties, it requires something more real and substantial than mere suspicion of the witness' integrity, arising from the relationship of the parties. It is well settled that a husband may, for a valuable consideration, even though insolvent, convey property to his wife, where there is an adequate consideration paid from the wife's separate estate, or where the consideration is a debt owing by the husband to the wife, and the value of the property is not materially in excess of the debt.

The mere relationship of husband and wife between the parties to a transfer is not sufficient ground for setting aside a conveyance, although the question of the circumstance of such relationship may be con-

sidered on the question of fraud. Wimberly v. Winstock et al., 46 Okla. 645, 149 Pac. 238; Potts v. Rubesam, 54 Okla. 408, 156 Pac. 356. Transactions between husband and wife to the prejudice of the husband's creditors will be closely scrutinized to see that they are fair and honest, and not merely contrivances resorted to for the purpose of placing the husband's property beyond the reach of creditors. Where the conveyance is made, even though by an insolvent, for the purpose of discharging an indebtedness incurred in good faith, and the bona fides of the consideration is not attacked, other than by possible inference or a belief that possibly the transaction was colorable, courts will not undertake to defeat the will of such grantor, even though it have the effect of preventing other creditors from subjecting the property in satisfaction of their indebtedness.

While the question was one of fact, as contended by counsel, it was incumbent upon the trustee to prove that the conveyance was either made without a fair and valuable consideration, or in bad faith, or for the purpose of hindering, delaying, or defrauding the creditors of the grantor. True, it was not necessary that fraud should be established by direct proof; for such purpose, it was competent to resort to circumstantial or presumptive evidence. But the record contains neither evidence nor inferences of fact sufficient to support a verdict for the plaintiff.

The judgment of the trial court is therefore affirmed.

All the Justices concurring.