**TRAVE-TRAMMEL CO. v. MILLARD et al.**

No. 14930—Opinion Filed March 31, 1925.

(Syllabus.)

**Fraudulent Conveyances—Pre-Existing Debt as Good Consideration.**

A bona fide pre-existing debt forms a good and sufficient consideration for a convey-

ance or transfer of real estate, either in payment of or as security for such debt.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by the Trave-Trammell Company against M. J. Millard and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Abernathy & Howell, for plaintiff in error.

Selby & Callihan, for defendants in error.

LESTER, J. The plaintiff, on the 13th day of February, 1922, obtained a judgment in the district court of Oklahoma county, against M. J. Millard for the sum of $1,-623.41. Thereafter, the plaintiff brought suit in the district court of Canadian county against M. J. Millard, Lynne J. Millard, and Vileniah A. Steele, in which it was sought to set aside a certain deed to real estate located in Yukon, Canadian county, Okla., as being fraudulent against creditors, and said deed being executed by M. J. Millard and Lynne J. Millard to Vileniah A. Steele.

The record discloses that on the 3rd day of May, 1921, M. J. Millard and wife borrowed $1,800 from Mrs. Vileniah A. Steele; that Mrs. Steele was the mother of Mrs. Millard; that said M. J. Millard and wife executed a second mortgage on real estate in Oklahoma City to secure the payment of the money borrowed from Mrs. Steele. It further appears from the record that Mrs. Steele thereafter viewed the property upon which she held the second mortgage and became dissatisfied with the value of the property as security for the debt, and it appearing to her that the loan was unsafe, made a trade with the mortgagees to take the Yukon property in lieu of a mortgage on the property in Oklahoma City. It is further disclosed from the record that there was a mortgage of $600 on the property located in Yukon, and it was agreed that M. J. Millard and wife were to pay off this mortgage, and it was understood that when the said mortgage was paid off Mrs. Steele was then to release her mortgage on the property in Oklahoma City. It further appears that neither M. J. Millard nor his wife ever paid off the mortgage on the property located in Yukon. However, Mrs. Steele later released her mortgage on the property in Oklahoma City to Millard and wife.

After the pleadings were completed, a trial was had to the court and the court in its findings recited in part:

"That Vileniah A. Steele paid a valuable consideration for the property in Yukon, without the knowledge of any facts or circumstances which would charge her with bad faith, and therefore she occupies the position of a purchaser in good faith for value of the property and her title must stand."

The court rendered judgment in favor of Mrs. Steele, and the plaintiff prosecutes this appeal to reverse the action of the court below.

The plaintiff urges the proposition that Vileniah A. Steele does not occupy the position of a purchaser in good faith for value, for the reason that the consideration was based on a pre-existing indebtedness, and therefore the cause should be reversed. We have carefully examined the authorities submitted by plaintiff, and cannot agree with this conclusion.

In the case of Swan v. Bailey, 71 Okla. 30, 174 Pac. 1065, the court said:

"A bona fide pre-existing debt owing a wife by her husband forms a good and sufficient consideration for a conveyance or transfer by the husband of his real estate, either in payment of or as a security for such debt."

"A pre-existing debt is ordinarily considered a good and sufficient consideration for a conveyance or transfer by a debtor, either in payment of, or as a security for, such debt; and a conveyance or transfer by a debtor to his creditor in payment of an antecedent bona fide debt will be sustained if the amount of the debt is not materially less than the fair and reasonable value of the property." 27 C. J. 534.

"The rule supported by the weight of authorities is to the effect that it is essential to constitute one a bona fide purchaser from a fraudulent grantee that a valuable consideration should have been paid before the notice of fraud, or something of value shall have been parted with, such as a surrender of a valuable right or the assumption of an irrevocable obligation." 27 C. J. 698, sec. 528.

It is clear that after Mrs. Steele had accepted the property in Yukon in lieu of the property in Oklahoma City, as security for the mortgage indebtedness, thereupon by reason of this agreement, Millard and his wife could have enforced such an agreement by compelling Mrs. Steele to relinquish her mortgage on the Oklahoma City property. This was an assumption of an irrevocable obligation upon the part of Mrs. Steele.

"It is well settled that a fraudulent grantee may lawfully dispose of his property in any manner in which the grantor might

have disposed of it before the fraudulent conveyance and since a debtor may prefer one of his creditors by transfer of property in satisfaction of his debt or as security therefor, if a fraudulent grantee, with or without the grantor's consent, transfers or mortgages the property to a bona fide creditor of the grantor who has no connection with the fraud and such creditor accepts the transfer or mortgage in good faith, either in payment of or as security for his debt, before any other creditor has acquired a lien upon the property, he acquires a valid title, at least to the extent of his claim as against such other creditors." 27 C. J. 696.

The rule is well settled in this state that in an action of purely equitable cognizance, the Supreme Court will not disturb the judgment of the trial court unless it is against the clear weight of the evidence. We have examined the record in this case, and find that the judgment of the court below was fully supported by the evidence. The judgment of the trial court is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, HUNT, CLARK, and RILEY, JJ., concur.