## McCAFFREY et al. v. OWINGS.

No. 15114—Opinion Filed March 31, 1925.

Rehearing Denied May 19, 1925.

**1. Fraudulent Conveyances — "Fair and Valuable Consideration."**

The term "fair and valuable consideration", used in section 5271, Comp. St. 1921, providing that every conveyance of real estate made without a fair and valuable consideration shall be void as to the creditors of the vendor, means that the consideration shall be a substantial compensation for the property conveyed, or that it shall be reasonable, in view of the surrounding circumstances and conditions, in contradistinction to an adequate consideration.

**2. Same—Validity of Conveyance.**

Real estate, sold by a debtor to a third person for a "fair and valuable consideration" as defined in syllabus one herein, free from fraud, is not subject to attachment for the debts of the vendor.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Thomas J. McCaffrey and Gomer G. Smith against Leo C. Schultz et al., as defendants, and D. M. Owings, as intervener. Judgment for defendants, and plaintiffs bring error. Affirmed.

Breck Moss and R. L. Stephens, for plaintiffs in error.

Everest, Vaught & Brewer, for defendant in error.

Opinion by JARMAN, C. Thomas F. McCaffrey and Gomer G. Smith, a partnership doing business under the firm name of McCaffrey & Smith, brought suit against Leo C. Schultz, and caused certain real estate in the city of Oklahoma City to be attached. D. M. Owings intervened in the action and filed a motion to discharge the attachment and to release the property in question on the grounds that he was the owner thereof, and that the defendant Schultz had no right, title or interest in and to the same. The plaintiffs procured judgment against the defendant, and thereafter a hearing was had

on the application of the intervener to discharge said attachment, resulting in a judgment, discharging said attachment and releasing the property, and the plaintiffs have appealed. The intervener. Owings, appea.s here as de.endant in error.

Upon the conclusion of the evidence, the trial court made special findings of fact as follows: That the intervener is the owner in fee simple of the property in question, which was conveyed to him by the defendant Schultz, prior to the commencement of this action, and that the intervener has had the possession of said property and has collected the rents therefrom since that time; that the deed from Schultz to the intervener was executed in consideration of moneys advanced by the intervener to the defendant and the further consideration that the defendant and his wife had, at various times, lived with the intervener and had not paid any remuneration to the intervener for their board and room, and that the intervener had advanced to the defendant sums, aggregating approximately $1,200, and that the interest on said sums was unpaid for several years at the time of the execution of the deed. The court concluded as a matter of law that the intervener had paid a fair and valuable consideration for said property, and was an innocent purchaser.

There are several assignments of error urged for a reversal of this cause. but it is only necessary to consider the proposition that the trial court erred in overruling plaintiffs' demurrer to intervener's evidence. This proposition challenges the sufficiency of the evidence of the intervener to make out a case and requires us to review said evidence, which shows that the intervener is a farmer residing in Blaine county, and the defendant Schultz is his son-in-law; that Schultz owned the property in question and other property, and that he was indebted to the plaintiffs in the sum of $5,000; that on March 5, 1923, Schultz executed a warranty deed to the property in question, to the intervener. who took possession thereof. On August 3, 1923, this action was filed by plaintiffs. The property at the time of the conveyance was worth approximately $3,000. The consideration for the deed was certain sums of money advanced by the intervener to the defendant during the years 1916 1917. and 1918. aggregating about $1,100 or $1,200. and. in addition thereto, the defendant's wife had spent every winter at the home of the intervener. after she married up to the time of the execution of the deed, and that was for a number of years, and the defendant frequently accompanied

his wife and stayed at the home of the intervener for a considerable length of time, and no board was ever paid by either of them. The evidence further shows that the defendant traveled a great deal, and that when he needed money, the intervener advanced the same, and on one occasion, he was injured at a railroad crossing and the intervener advanced money for the doctor bills and other expenses, amounting to $500 or $600.

At the time of the execution of the deed, the intervener knew nothing of the indebtedness of the defendant to plaintiffs, and no fraud was practiced in connection with the conveyance.

The plaintiffs contend that this conveyance is void under section 5271, Comp. St. 1921, which provides that every conveyance of real estate, or any interest therein, made without a fair and valuable consideration, shall be void as against all persons to whom the maker is, at the time, indebted or under any legal liability. The plaintiffs contend that the conveyance in question comes within the provisions of this statute. for the reason that, at the time the conveyance was made, the defendant was indebted to them and that the consideration paid for the property was not a fair and valuable consideration.

The sole question is whether the consideration paid for the property was "fair and valuable," as contemplated by the terms of the statute, supra. The term "valuable consideration" is defined by section 3555. Comp. St. 1921, as a "thing of value parted with, or a known obligation assumed, at the time of obtaining the thing, which is a substantial compensation for that which is obtained thereby. It is also called simply 'value'". The trial court held that the cash consideration of approximately $1,200 and interest thereon, together with the furnishing of board and room to the defendant and his wife at various times and for long periods, and the defraying of the expenses for the defendant, when he was injured at a railroad crossing, constituted "substantial compensation". and. therefore, a valuable consideration for the property. which the intervener obtained, the same being of the value of approximately $3,000. The preexisting debt was bona fide and was sufficient to support the consideration for said conveyance. Swan v. Bailey. 71 Okla. 30, 174 Pac. 1065.

The word "fair". used in the statute with reference to the consideration is used in the sense that the consideration shall be

reasonable, in view of the surrounding circumstances and conditions, as when we speak of the "fair value" of anything. The words "fair" and "valuable", as here used, are practically synonymous, and their relation is analogous to that of the words "good" and "law-abiding", when we speak of one as a "good" and "law-abiding" citizen. The word "fair," when thus used with the term "valuable," does not have reference to the transaction being free from fraud; if we should give to it such meaning, then the terms and provisions of section 5271, supra, would conflict, for this court has held, in the case of Ward v. Wiggins, 73 Okla. 46, 174 Pac. 231, that any conveyance of real estate made without a fair and valuable consideration is void as to the creditors of the grantor, irrespective of the question of fraudulent intent.

Plaintiffs cite the case of Ward v. Wiggins, supra, as authority for the contention that the consideration in the instant case was not "fair". In that case, the consideration paid was $1, and the property was worth $750; the consideration was so unreasonable that it shocked the conscience of the court.

The findings and judgment of the trial court. that the consideration for the property in question was fair and valuable, are amply supported by the evidence and the trial court properly overruled the demurrer of the plaintiffs thereto.

Since the property in question belonged to the intervener, the same was not subject to attachment for the debts of the defendant Schultz, and it is unnecessary to consider the other assignments of error.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.