## BARNETT et al. v. HENTGES.

No. 15327—Opinion Filed July 7, 1925.

1. **Appeal and Error—Review—Questions of Fact—Findings.**

Where a jury is waived and the cause is tried to the court and the finding of the court is general, such finding is a finding of every special thing necessary to be found sustaining the general judgment, and such finding, when reasonably supported by the evidence in the case, is conclusive on the Supreme Court upon all doubtful and uncertain questions of fact so found.

2. **Sales—Refusal of Seller to Perform—Recovery by Buyer of Money Paid.**

A recovery, by one party, of money advanced under an executory contract of sale. will be sustained where such party is ready and willing to proceed and the other party

to the contract refuses to perform the stipulations on his part.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Noble County; Claude Duval, Judge.

Action by J. F. Hentges against Harry Barnett, Robert Huston, and John Huston. a copartnership doing business under the firm style and name of Barnett & Huston. to recover a money judgment. Judgment for plaintiff, and defendants appeal. Affirmed.

Cress & Tebbe, for plaintiffs in error.

Wm. M. Bowles, for defendant in error.

Opinion by FOSTER, C. This appeal is prosecuted by Harry Barnett, Robert Huston and John Huston, a copartnership, doing business under the firm style and name of Barnett & Huston, plaintiffs in error, defendants below, to reverse a judgment of the district court of Noble county rendered on October 27, 1923, whereby the defendant in error, as plaintiff. in said court recovered a judgment against the plaintiffs in error in the sum of $827.50. Parties will be hereinafter referred to as they appeared in the trial court.

A jury was waived and the cause tried to the court, which rendered a general judgment in favor of the plaintiff for the amount sued for, less the sum of $50 found to be due the defendants upon a cross-bill filed by them, in which they sought to recover certain damages for the alleged wrongful issuance of a garnishment writ sued out by the plaintiff in aid of his action, by which it was charged the bank account of the defendants had been wrongfully tied up for several days.

From the findings and judgment of the trial court, it is not very clear what theory the trial court adopted in rendering its judgment. The language of one paragraph of the petition, construed together with certain oral statements by the trial court, lends some support to the theory that it was plaintiff's claim that no contract had ever existed between plaintiff and defendants whatever, as the result of which the plaintiff was entitled to recover as for money had and received, but when the petition is construed in its entirety, in connection with the testimony introduced, we think it clear that the plaintiff was seeking to recover the sum of $750, for the breach of an executory contract entered into with the defendants for the purchase of a certain tractor.

There was much conflict in the evidence. Parties agreed that there was a contract between the plaintiff and the defendants, but they differed widely concerning the terms and conditions of the sale. The plaintiff testified positively that he agreed to purchase from the defendants a tractor for the sum of $1,850, and gave his check for $750 as part payment thereon, and after he had turned over to the defendants a set of harness and one Emerson disc plow, for which he was to receive credit for $250 on the purchase price, agreed to secure the balance of $850 by a mortgage on the tractor or on 125 acres of wheat, but that it was also a part of said contract that the defendants, on the next day, should agree in writing to lend him a disc plow to put in a crop of oats the following spring and cause a neighbor of the plaintiff to enter into a contract with him to use the tractor to furnish power for a separator, which defendants agreed to sell this neighbor; that the defendants refused to see him the next day and that some nine days later, when he finally succeeded in running defendants down, they refused to agree in writing to do the things which they previously orally agreed to do, and in violation of the agreement, refused to accept any mortgage unless it covered both the tractor and the 125 acres of wheat, whereby it was claimed they became liable for the return of the $750.

The defendants testified that it was no part of the oral agreement that they should agree in writing to do the things which plaintiff testified they should do; denied that they had avoided plaintiff; stated that the oral agreement contemplated the execution of a mortgage by the plaintiff covering both the tractor and 125 acres of wheat; contended that the contract was an entirely executed sale, and that although the plaintiff had refused to execute the mortgage, they were entitled to the specific performance of the contract and the foreclosure of said mortgage and for the recovery of the remaining $850, alleged to be due under the contract.

It was disclosed that defendants refused, at the time the parties met to consummate the agreement, to execute any written agreement to furnish the plaintiff the disc plow and to obtain a contract between the plaintiff and a third party for the use of the tractor, and refused to accept a mortgage covering only the tractor or the wheat. In this state of the record the trial court found the issues in favor of the plaintiff, and this involved a finding of every special thing necessary to support the general judgment and involved a finding that plaintiff's version of the contract was correct, and and that defendants had breached this contract by their refusal to execute the written agreement and to accept a mortgage from the plaintiff covering only the tractor. We are of the opinion that the evidence reasonably tended to support this judgment, and in these circumstances, the judgment is conclusive in this court on appeal. The fact that the trial court may have predicated its judgment upon an erroneous conclusion, as to the effect of the evidence introduced at the trial, is immaterial where the court rendered a proper judgment under such evidence. Scroggins v. New State Townsite Company, 104 Okla 290, 231 Pac. 848; Kibby v. Binion, 70 Okla 96, 172 Pac. 1091. The fact that the court may have incorrectly found that no contract existed between the parties whatever, and that it based its judgment upon this erroneous view of the effect of the evidence, is immaterial if the court, upon a consideration of the entire evidence, rendered the proper judgment, since the ground upon which the court proceeded is not a proper subject of review by the appellate court.

From our examination of the record, the only competent evidence introduced or offered of damage to the defendants on account of the wrongful issuance of the garnishment writ, was that of an attorney's fee of $50 paid by the defendants to secure the dissolution of the writ. If there was any injury to the business of the defendants or any loss of profits derived from said business on account of the issuance of the garnishment process, it was not shown by any competent evidence offered or introduced on the part of the defendants and the trial court, in fixing the damage at $50, allowed them all the damage to which they were entitled under the evidence. Other propositions of law are discussed by the defendants in their briefs as grounds for reversal, none of which, we think, are applicable to the facts as disclosed by this record.

If we are correct in our conclusion that the trial court was justified, under the evidence, in rendering judgment in favor of the plaintiff upon the theory that his action was to recover damages for the breach of an executory contract of sale, then, under the evidence, the doctrine that equity will interfere to compel the specific performance of an entirely executed oral contract between parties has no application.

The further proposition, discussed and based upon the theory that the plaintiff himself breached the agreement by his refusal to proceed with the contract to its conclusion and therefore is not entitled to recover

back what had been advanced by him under the contract, is equally without merit in view of the judgment of the trial court, and reasonably sustained by the evidence, that it was the defendants and not the plaintiff who breached the contract.

The plaintiff testified that in addition to the payment of $750, he tried to deliver the set of harness, but could not do so because the defendants were evading him, and that it was the agreement that the disc plow might remain in his possession until later called for by the defendants.

There was other very positive testimony on the part of the plaintiff that he made numerous visits to the place of business of the defendants in the city of Perry, Okla., between the 20th and the 29th of December, 1920, in an effort to close his contract with them, but that the defendants were evading him during this time, all of which testimony clearly negatived the idea that the plaintiff was refusing to proceed with the contract.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879, §2853; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. pp. 91, 92; 5 R. C. L. Supp. p. 81. (2) 35 Cyc. p. 603; anno. 30 L. R. A. 50; 24 R. C. L. p. 65; 4 R. C. L. Supp. p. 1527.