## OLD HONESTY OIL CO. v. SHULER et ux.

(District Court, N. D. Oklahoma. February 4, 1926.)

### No. 89.

1. Fraudulent conveyances ⟨⟩111—Conveyance by husband to wife, in settlement of action for division of property on grounds that husband was dissipating it, held void as to husband's creditors, in view of immediate reconveyance by wife in trust.

Conveyance by husband, who was heavily indebted, of all property to wife, in settlement of action by wife for alimony and division of property on ground that husband was dissipating property, held void as to creditors, under Comp. St. Okl. 1921, § 5271, where immediately after transfer to wife she reconveyed property to husband, to be held in trust by him for 20 years, with power to use and control as he deems proper, and to receive half the income.

2. Courts ⟨⟩335(5)—Judgment creditor entitled to remedy provided by statute of state wherein United States court was sitting, in order to reach property of judgment debtor.

A party in whose favor judgment is rendered in a law action by court of United States sitting in state of Oklahoma, is entitled to remedy provided by statute of that state for proceedings supplementary to execution, in order to reach property of judgment debtor.

3. Fraudulent conveyances ⟨⟩230—Necessity of creditor's suit eliminated, where purported conveyance to wife is void as to judgment creditor, and property treated as that of husband.

Where purported conveyance by husband to wife is void as to judgment creditors, property may be treated as that of the husband in proceeding in aid of execution by judgment creditor of husband, eliminating the necessity of creditor's suit.

At Law. Action by the Old Honesty Oil Company against Isaac Shuler, in which plaintiff recovered judgment. Proceedings by plaintiff in aid of execution. By order of the court, the wife of defendant was made a party. Order for plaintiff.

F. E. Riddle, of Tulsa, Okl., for plaintiff.
Randolph, Haver & Shirk and C. R. Nixon, all of Tulsa, Okl., for defendants.

KENNAMER, District Judge. This is a proceeding in aid of an execution, instituted by the plaintiff, the Old Honesty Oil Company, by reason of having obtained a judgment in its favor against the defendant, Isaac Shuler, in this court. By virtue of certain supplemental pleadings in this proceeding, additional parties have been made defendants and called upon to explain certain transactions involving assets of the principal defendant. The facts surrounding this proceeding are that the plaintiff obtained a judgment in the amount of $11,895.15, with interest, against the defendant Shuler for breach of a contract. An execution was duly issued upon said judgment, but was by the marshal returned and indorsed, "No property of the defendant, Isaac Shuler, found subject to execution." Upon the institution of the proceeding in aid of execution, the matter was referred to a master; but this court has had the advantage of additional evidence,

as well as the report of the master, upon which to determine the facts and circumstances.

The evidence discloses that the defendant, Isaac Shuler, was indebted to various parties, in the amount of $100,000 or more; that while the plaintiff's action was pending, and while the defendant Shuler was indebted to other parties, his wife, Clara B. Shuler, who has been made a party to this proceeding by order of the court, instituted an action in the district court of Tulsa county, Oklahoma, against Isaac Shuler for a division of the property, and to restrain the transfer and sale of it, basing her said action upon the grounds that her husband, the defendant herein, had become addicted to the use of intoxicating liquors to such an extent that he was squandering and dissipating his property, in violation of the rights of his wife in the property. It further appears that, shortly after this suit for a division of the property was commenced, Isaac Shuler deeded his homestead, of the approximate value of $75,000, and other properties, of the approximate value of $125,000, to his wife; that the husband did this without the aid of counsel; and that upon the making of the said conveyances, the action for a division of the property was by the wife dismissed.

The evidence further shows that, within a few days after the action for a division of the property was commenced and the conveyances made by Isaac Shuler to his wife, Mrs. Clara B. Shuler reconveyed all of the property granted to her by her husband to Isaac Shuler in trust. The terms of the trust deed are that the husband, the defendant herein, was to control and manage the property, and to invest the income to be derived from the property as he deemed proper. The income was to be divided equally between Isaac Shuler and Mrs. Clara B. Shuler, his wife. The trust was to continue for a period of 20 years, and was revocable by Mrs. Shuler at any time she saw fit. It appeared that Isaac Shuler retained a vast amount of stock in one or more oil companies and certain notes, but it appears that the notes are practically of no value. In fact, all the property retained by Isaac Shuler was of doubtful value, and, with the exception of certain Liberty bonds, which had been pledged as security by Isaac Shuler for a loan, everything of stable value was conveyed to the wife, while the husband retained properties of speculative values. It was sought to be established that the husband, within a very short time, or as soon as the settlement of the differences between the husband and wife and the conveyance in trust to the husband by the wife, gave up the use of intoxicating liquors and all of the vices he had been charged with, and was by his wife considered a safe and trustworthy business man, in whom she reposed so much confidence that she permitted him to care for and handle the very property he had been charged with squandering and dissipating.

It is the contention of the plaintiff in this proceeding that the conveyances executed by the defendant Isaac Shuler to his wife in settlement of the action heretofore mentioned is void as to his creditors, and that the assets described and contained in the conveyances are subject to the debts of the defendant Isaac Shuler, upon the grounds that Isaac Shuler was financially embarrassed at the time he executed the conveyances; that he did not retain sufficient property to satisfy his debts, because the property he retained was of fluctuating and speculative values; and that the conveyances were made to hinder, delay, and defraud the creditors of the defendant Isaac Shuler.

[1] Upon a careful consideration of the evidence introduced before the master and the additional testimony submitted to the court, I find that in April, 1921, the date on which the defendant Isaac Shuler executed the conveyance to his wife, he conveyed all of his property of substantial value; that he retained certain interests in the Enfisco Oil Company, which were of fluctuating and speculative values, and he now has no property subject to execution of sufficient value to satisfy the judgment rendered in this cause, and the effect of the conveyance to his wife was to hinder, delay, and defraud his creditors. It is therefore the opinion of the court that the conveyances to the wife, ostensibly in settlement of the suit for alimony and property division, were made to hinder and defraud creditors of the defendant Isaac Shuler, and that the same are void as to his creditors as to all the property except the homestead. The creditors have no interest in the homestead as it is exempt under the law from execution. This opinion is based in part upon the execution of the trust agreement, which placed Isaac Shuler in absolute control of the property. For all practical purposes, Isaac Shuler has at all times been in possession of and has complete control and management of the property conveyed to his wife. To hold that this property is not subject to execution would in effect permit a person, worth several hundred thou-

sand dollars and entitled to the revenue therefrom, to defeat his just debts.

It is unquestioned that the differences between the husband and the wife were of short duration, that reconciliation was speedily brought about, and that, although there was a conveyance from the husband to the wife and a reconveyance from the wife to the husband, the possession, control, and management of the property has at all times remained in the defendant Isaac Shuler. It therefore appears that, as to the creditors of Isaac Shuler, there was no consideration for the conveyances to the wife. This situation is controlled by the statutes of Oklahoma. Section 5271, Compiled Oklahoma Stat. 1921; Swan v. Bailey, 71 Okl. 30, 174 P. 1065. In Swan v. Bailey, supra, it was held: "Where the conveyance is to the prejudice of the husband's creditors, it will be closely scrutinized, to see that it is fair and honest, and not a mere contrivance resorted to for the purpose of placing the husband's property beyond the reach of creditors." The law will not afford the defendant Isaac Shuler an opportunity to take advantage of such a situation to make impossible the collection of just debts.

[2, 3] That a party in whose favor judgment is rendered in a law action, by a court of the United States sitting in the state of Oklahoma, is, in order to reach the property of the judgment debtor, entitled to the remedy provided by the statute of that state for proceedings supplementary to execution, is well established. See Ex parte Boyd, 105 U. S. 647, 26 L. Ed. 1200. It has been held that, where property is conveyed with intent to defraud, the same may be treated as a nullity, and the property may be attached the same as if no conveyance had been made. Wells v. Guaranty State Bank, 56 Okl. 688, 156 P. 896. In the above case, the wife, to whom property had been conveyed by her husband, but who was in no manner liable with her husband upon the cause of action, was made a party to the action. The case was a law action. The discovery in this proceeding is one at law; the purported conveyance to the wife is void as to the judgment creditor in this case, and under the holding of the Supreme Court of Oklahoma the property may be treated as that of the husband, thus eliminating the necessity of a creditor's suit.

It is the order of the court that the property conveyed to Clara B. Shuler in April, 1921, except the homestead, be subjected to the levy of execution in favor of the plaintiff.