[Cr. A. No. 253. Appellate Department, Superior Court, Los Angeles County.—February 26, 1930.]

THE PEOPLE, Respondent, v. MARLIN D. PEET, Appellant.

776

Marlin D. Peet, *in pro. per.*, for Appellant.

Buron Fitts, District Attorney, and Tracy C. Becker, Deputy District Attorney, for Respondent.

BISHOP, J.— The appellant was charged with reckless driving. The only witness for the People was an officer who testified that while patrolling a boulevard in the county he noticed the defendant driving between forty-five and fifty miles per hour down the boulevard, by other automobiles and across street intersections. We are not impressed by the strength of the evidence in the case, but find it sufficient to uphold the judgment. The only question in the case arises out of rulings on the evidence.

The defendant by way of cross-examination asked the officer the following questions: "For what .purpose were you patrolling the highway?" "Were you attired in the uniform usually worn by traffic officers?" "What was the color of the car you were driving?" Objections were made and sustained to these questions and they remained unanswered.

It must be conceded that the ruling on these objections does not constitute reversible error, unless it is made so by section 155 of the California Vehicle Act. The pertinent provisions of that section, as amended in 1929, are as follows:

"Every officer when on duty for the purpose of enforcing the provisions of this act shall be dressed in a full distinctive uniform, and no officer shall use an automobile for patrolling public highways in the performance of such duty, unless such automobile is painted a distinctive color such as may be determined upon by the division of motor vehicles.

"In any prosecution under this act upon a charge involving the speed of a vehicle, any officer or officers arresting or participating or assisting in the arrest of the person so charged shall be incompetent as a witness or witnesses . . . when an automobile was used by such officer or officers in violation of the provisions of this act, or the officer or officers were not in full uniform, and the court shall be without jurisdiction to render a judgment of conviction upon the testimony . . . by any such officer or officers so using an automobile not in conformity with the act or not in full uniform."

It is apparent that our question, then, is this: Was the charge of reckless driving one "involving the speed of a vehicle", as those words are used in section 155? If it was, the defendant had a right to test the competency of the officer to be a witness, and to discover whether or not his testimony was to be given any weight at all; and in depriving him of this right the court erred to his prejudice.

It may be urged that a charge of reckless driving does not necessarily involve the speed of a vehicle. This is true in the sense that the recklessness need not consist in driving at an unlawful speed but may be attributable to other deviations from the path of safe driving. But in the cause at bar the case of recklessness is founded on the speed at which the defendant was driving his car, under the conditions shown, and as the rate of speed thus became a material issue in the prosecution, we conclude that the charge was one involving the speed of a vehicle.

We find support for this determination in the interpretation placed by our Supreme Court on the provision of the Constitution respecting the jurisdiction of "cases at law which involve the title or possession of real property". In the case of *Hart* v. *Carnall-Hopkins Co.* (1884), 103 Cal. 132 [37 Pac. 196], the Supreme Court was considering on appeal a case begun in the justice's court to recover

damages ˙for the nonperformance of an agreement. The case was tried by the justice and judgment rendered, an appeal being taken on questions of law and fact. The superior court, quite properly, entered upon a trial *de novo,* the Supreme Court held, because it could not be told from the face of the transcript that the case was one involving possession of real property. But as during the taking of evidence on the trial *de novo* it appeared that an issue to be decided was as to the possession of certain land, the superior court continued under its original jurisdiction and the case was properly appealed to the Supreme Court. Nor did it matter, the court said, that the question of possession was only incidentally involved. "If the issue . . . is so involved that it must be decided in order to determine the case, the superior court has original . . . jurisdiction, whether the involution may be said to be merely incidental or not." The language just quoted was repeated with approval in *Dungan* v. *Clark* (1910), 159 Cal. 30 [112 Pac. 718], and again in *Morrissey* v. *Morrissey* (1923), 191 Cal. 782 [218 Pac. 396].

In other cases it is held that title or possession is involved and therefore the justice's court has no jurisdiction, even though there is no issue joined on the subject. Illustrative of these cases is *Boyd* v. *Southern California Ry. Co.* (1899), 126 Cal. 571 [58 Pac. 1046]. It is likewise true, we hold, that a case of reckless driving which is dependent upon the speed at which the car is driven for its proof of recklessness falls within section 155 of the California Vehicle Act, even though the defendant's evidence may not conflict with the prosecution's evidence as to his speed.

The parties have raised no question as to the constitutionality of the portion of section 155 with which we are concerned. Nor are we disposed to discuss the question other than to note that our Supreme Court in *Fleming* v. *Superior Court* (1925), 196 Cal. 344 [238 Pac. 188], devoted considerable space to a consideration of the constitutionality of the analogous provisions of section 155 concerning speed traps and declared them to be valid. The pronouncement was unnecessary to the determination of the case, but it was deliberately made, and if it does not express the proper rule in our case the distinction should be made by the Supreme Court, not by us.

Because the defendant was not permitted to apply the touchstone of section 155 to the officer who appeared as a witness, the judgment is reversed and a new trial directed to be had in the Superior Court of Los Angeles County.

McLucas, P. J., and Shaw, J., concurred.