### SETZER et ux. v. MOORE, Sheriff.

No. 23741. Opinion Filed June 6, 1933.

Martin & Martin, for plaintiffs in error.

Oris L. Barney, for defendant in error.

McNEILL, J. We consider a motion to dismiss filed in this court by defendant in error, defendant below, on the ground that no notice of appeal was given at the time of the rendition of the judgment rendered in said cause.

It appears that plaintiffs instituted a suit to enjoin the defendant, as sheriff of Kiowa county, from selling the premises of plaintiffs, being their homestead, in satisfaction of a judgment rendered against them for material used in the construction of certain improvements thereon. On May 9, 1932, the cause was set for trial, and the parties to the action entered into the following stipulation of facts:

"It is hereby agreed by and between the parties hereto that the following are the facts in this case:

"That the judgment rendered in cause No. 5867 of the district court of Kiowa county, Oklahoma, and upon which judgment the execution complained of in the instant case was issued, that the said judgment represents the purchase price of material used in the construction of improvements upon the real estate, to wit: N. ½ of the southwest quarter of section twenty-eight, township 7. north, range 14, west I. M., Kiowa county, Oklahoma.

"It is further stipulated and agreed that the original contract for the material furnished was an oral contract between the Spurrier Lumber Company and Wesley E. Setzer, alone; that the property involved in this litigation is the homestead of the parties and that the said Wesley E. Setzer is a married man and has a family and wife residing upon said tract of land and that a materialman's lien was filed herein and has been adjudicated in said case adversely to the plaintiff in the action, upon which an execution was issued herein.

"It is further stipulated and agreed that the said suit upon which said judgment was entered between the Spurrier Lumber Company, plaintiff, and Wesley E. Setzer and Rhoda Setzer, defendants, being husband and wife, was filed on July 16, 1930, and that said contract between the Spurrier Lumber

Company and Wesley E. Setzer was alleged to have been made upon January 18, 1929, as shown by the petition of the Spurrier Lumber Company in case No. 5867."

No request for special findings of fact and conclusions of law was made by either of the parties. No evidence was introduced, and the court rendered its judgment upon said stipulation on May 9, 1932, and denied the plaintiffs injunctive relief. However, the court made certain special findings of fact and conclusions of law which were incorporated in the journal entry, which was filed on May 9, 1932, in said cause.

Thereafter plaintiffs filed their motion for new trial on May 9, 1932. On May 21, 1932, the court overruled said motion for new trial, and at that time plaintiffs gave notice of their intention to appeal to the Supreme Court.

The defendant urges that no motion for new trial was authorized and that no notice of appeal was given at the rendition of said judgment; that on this account this court acquired no jurisdiction and the appeal should be dismissed.

On the other hand, plaintiffs urge that the stipulation, as shown in the case-made, was not an agreement upon the ultimate facts in said case; and that in order to obviate the necessity for a motion for new trial there must be an agreement upon the ultimate facts, and not merely an agreement upon facts that are evidential in their nature. In support of this contention, plaintiffs refer to the findings of fact of the trial court, and assert that such stipulation was only used as a part of said evidence and not as a finding of the ultimate facts; and that said agreement did not represent the ultimate facts as a whole.

There was only a question of law presented to the trial court for determination, and that was whether the homestead was exempt from forced sale under the execution issued under the judgment in case No. 5867 referred to in the stipulation. The stipulation was sufficiently complete and full for the rendition of the judgment entered herein. The findings of fact and conclusions of law, which were not requested by either party, constitute no part of the general judgment and amount to no more than a general finding by the trial court. See Watashe v. Tiger et al., 88 Okla. 77, 211 P. 415, and cases therein cited. See, also, Henry v. Mc-Bride, 102 Okla. 41, 225 P. 906.

In the case of Showalter v. Hampton, 122 Okla. 192, 253 P. 106, this court said:

"Where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for new trial is unnecessary and unauthorized by statute and does not extend the time within which an appeal must be perfected in the Supreme Court, and the time for perfecting such appeal runs from the date the judgment is rendered, and not from the date of the overruling of such unnecessary and unauthorized motion."

In the instant case no motion for new trial was necessary or authorized by the statute, because the judgment was based upon an agreed statement of facts. No notice of appeal was given within ten days from the date of the rendition of the judgment complained of herein. The time within which to perfect an appeal when a motion for new trial is unnecessary or unauthorized commences to run from the date the judgment was rendered, and not from the date of the overruling of such unnecessary and unauthorized motion for new trial. On account of failure to give notice of appeal within ten days from the rendition of the instant judgment. as required by section 782, C. O. S. 1921 [O. S. 1931, sec. 531], this court acquired no jurisdiction, and the appeal is dismissed.

RILEY, C. J., and ANDREWS, BAYLESS, and BUSBY, JJ., concur. WELCH, J., not participating. CULLISON, V. C. J., and SWINDALL and OSBORN, JJ., absent.