## MIDLAND SAVINGS & LOAN CO. v. DONOHOO.

No. 24954. Oct. 12, 1937.

Rehearing denied Nov. 30, 1937.

Jno. D. Rogers and Hunt & Eagleton, for plaintiff in error.

A. E. Montgomery, for defendant in error.

BAYLESS, V. C. J. Kathryne Donohoo filed an action in the district court of Tulsa county, Okla., against Joseph Donohoo and Ollie A. Donohoo, her father and mother, and Midland Savings & Loan Company, a corporation, to foreclose a mortgage upon certain real estate. The parents did not defend the action. The company filed an answer and cross-petition, wherein it claimed title to the property, and assailed plaintiff's note and mortgage as being without consideration, and as having been exe-

cuted and delivered in fraud of creditors. Judgment was for plaintiff, and the company appeals.

The history preceding this action is necessarily involved, and must be given in order to have a full understanding of the issues.

The company filed an action against the parents in October, 1931, to foreclose a mortgage on other property than that involved herein. Judgment was obtained therein in December, 1931, the real estate involved was sold in January, 1932, and a deficiency judgment remained. Thereafter, the company levied on the real estate involved in this action, and caused the same to be sold. The company purchased at the sale. The sheriff's deed was dated in June, 1932. In the meantime, the plaintiff had recorded on March 29, 1932, the mortgage sued on in this action, which, with the note it secured, were dated September 28, 1931. The plaintiff then filed this action.

The evidence on the part of the plaintiff was that she had advanced to her parents nearly $3,000, and they had given her the note for $2,500, and the mortgage in order to secure her. She produced vouchers and receipts, from which the trial court found $1,700 of such advances, and rendered judgment for her in that sum. She testified that she expected her parents to repay her, if they ever became able. She made it very clear that at the time the note and mortgage were executed, it was their intention to secure her, and to reimburse her. The parents, likewise, testified that they intended to repay her for the advances, and this was their reason for giving plaintiff the note and mortgage. From the evidence of the plaintiff and that of the company, the company argues that there were several badges of fraud: (1) An interfamily transaction; (2) a transfer of the debtors' only unencumbered property; (3) a transfer just prior to the filing of an expected suit; (4) insolvency of the father, who had heretofore been a man of means; (5) the purported consideration was past advances; (6) unproven items of consideration; (7) delay in recording; (8) retention of possession by the mortgagor; and, (9) influence of father over daughter and management of her affairs. These are relied upon as circumstances to establish the fraudulent character of the transaction. It is proper to say that there is evidence in the record to lend color and strength to these circumstances.

There are two issues before this court: (1) Was the company a creditor of the parents on September 28, 1931, when the note and mortgage were given, within the meaning of section 9697, O. S. 1931? and (2) Was the transaction fair or fraudulent? The trial court so considered the matter, for the journal entry of judgment contains the following finding:

"That the Midland Savings & Loan Company, a corporation, was the owner and holder of certain mortgages against other properties of the defendant, Joseph Donohoo, and that no action had actually been instituted to foreclose said mortgages and that by reason thereof the Midland Savings & Loan Company, a corporation, was not a creditor within the meaning of section 9697 of the Oklahoma Statutes 1931, and the court therefore does not consider the evidence offered by the Midland Savings & Loan Company, a corporation, to sustain its contention that the mortgage to the plaintiff was in fraud of creditors. The court further finds that said mortgage given by Joseph Donohoo and Ollie A. Donohoo to plaintiff herein was not made by them or accepted by said plaintiff in bad faith or for the purpose of hindering, delaying or defrauding creditors within the meaning of section 9697 of Oklahoma Statutes 1931, but was executed in good faith and for an adequate, fair and valuable consideration."

It thus appears that the court made a finding of fact concerning the fair or fraudulent character of the note and mortgage, although he had previously held that the company was not entitled to raise the issue. These findings of the court are contradictory. In holding that he was not considering the evidence of the issue of whether the company was a creditor, the trial court evidently was speaking inadvertently. Much evidence was heard on both issues. The judgment is the same in either instance. The trial court must have meant that whatever his findings on that issue might be, this finding that the note and mortgage were fairly made disposed of the entire case. It is to be noticed further that these specific findings were preceded by a general finding of fact in favor of the plaintiff on all allegations of her petition.

There was no request for findings of fact and conclusions of law by either party. The rule in this state is that if either party requests findings of fact, the court shall provide the same (section 374, O. S. 1931);

but we have said that where no request therefor is made, and the court makes general finding of fact, and also, specific findings of fact, the general finding will control and be regarded, and the specific finding will be disregarded. This rule is, of course, subject to the state of evidence in the record. See Forbes v. Becker, 150 Okla. 281, 1 P. (2d) 721, 80 A. L. R. 1; Watashe v. Tiger, 88 Okla. 77, 211 P. 415, and other cases cited in these opinions. See, also, 3 Am. Jur. 564, section 108. Therefore, in this case, which is one of equitable cognizance, if the judgment of the trial court is not against the clear weight of the evidence, it must be affirmed.

The positive showing of advances and contributions to her parents, which plaintiff was not legally obliged to make, precludes a finding that no consideration passed between the parties. The various badges of bad faith cited in the record are not, in their cumulative effect, sufficient to overcome this positive showing. We are unable to say that the court's general finding is against the clear weight of the evidence.

The statutes of this state permit a debtor to prefer one creditor over another. Section 10012, O. S. 1931. We do not understand the company to contest this, but rather to insist that the apparent intent and purport of this transaction was to evade other creditors by fictitious obligations, and interfamily agreements and maneuvers, amounting in fact to fraud.

Let us examine singly these asserted badges of fraud: (1) Transfer from one member of a family to another. This alone is not contrary to law or equity. McCaffrey v. Owings, 110 Okla. 128, 236 P. 390. (2) Transfer of all of debtors unencumbered property. This means, in effect, the transfer of his remaining unencumbered property. Since preferences are valid, it naturally results that where a debtor undertakes to prefer one or more creditors over others by transfers of his property, some creditor will receive the debtor's last asset. In many instances it may be the only asset he ever owned. This is not sufficient. 27 C. J. 629. (3) The transfer in the face of pending litigation does not affect the validity thereof. First State Bank of Durant v. Smith, 43 Okla. 320, 140 P. 150, and later cases based thereon. (4) The same is true of insolvency. (5) The voluntary transfer means nothing.

Any preference has some aspect of being voluntary. (6 and 7) Past advances. This is true. But, no consideration. This is overwhelmed by the record. The law is that past advances are valuable and legal consideration for a negotiable instrument. Section 11324, O. S. 1931. See Milburn v. Miners & Citizens Bank, 101 Okla. 281, 226 P. 42. And this is true of advances, contributions, and exchanges between members of a family, when accompanied by or supported by a later formed intent to repay. Lynn v. Brenner, 145 Okla. 188, 291 P. 509, and other Oklahoma cases. Most of these cases relate to husband and wife, but the same rule applies to parent and child. 27 C. J. 569, section 282 et seq. The plaintiff made her advances to her parents when she lived with them, and when she lived away from them. Her monthly payments when living with them were far in excess of what it would have cost her to live elsewhere. (8) Delay in recording. This cannot be a serious element in view of our law that an unrecorded mortgage takes precedence over a mere judgment lien. Oklahoma State Bank of Wapanucka v. Burnett, 65 Okla. 74, 162 P. 1124, 4 A. L. R. 430. (9) Retention of possession. This is utterly without merit. A mortgage is a lien in Oklahoma. It is not a transfer of title. It does not involve transfer of possession. The fact that the father retained possession is the usual and customary thing for a mortgagor in Oklahoma. He was entitled to deal with it as he saw fit. If he sold it to one who had no knowledge of the unrecorded mortgage the fraud would have been practiced on the daughter, not the company. (10) The reputed influence of the father over the daughter and his interference in her affairs is not unusual in families. Inherently, it does not involve fraud, and no actual fraud had been shown herein. (11) The only merit to the contention of failure to produce evidence is that plaintiff failed to prove her claim in full. She proved $1,700 of $2,500, to the complete satisfaction of the trial judge, and we are unable to see that he exercised any leniency or gave her any benefit of doubtful items.

What we have said in discussing these asserted individual badges of fraud does not mean that singly or collectively they fail in all instances to establish fraud. We simply say that upon the record before us,

the trial judge's judgment is not against the clear weight of the evidence.

Since we have held that the transaction is fair and not fraudulent, it is not necessary to discuss the trial court's holding that the company was not a creditor, and therefore, not entitled to raise the issue.

OSBORN, C. J., and WELCH, CORN, and DAVISON, JJ., concur. RILEY, PHELPS, and GIBSON, JJ., dissent. HURST, J., disqualified and not participating.