KARCHMER v. UNGER et al.

*96 P. 2d 300.*

No. 28424.   Nov. 14, 1939.

W. R. Banker, of Muskogee, for plaintiff in error.

Joseph C. Stone and Charles A. Moon, both of Muskogee, for defendants in error.

PER CURIAM.   On October 29, 1934, L. M. Karchmer, hereafter referred to as plaintiff, commenced this action against Alex Unger, individually, and as surviving partner of Unger Brothers, hereafter referred to as defendant, to recover on a note which had been executed by Marcus Unger on April 1, 1931. Plaintiff alleged that, while said note was in form the individual obligation of Marcus Unger and had been secured by a mortgage on his individual property, in truth and in fact it was the obligation of Marcus Unger and Alex Unger, copartners doing business under the name and style of Unger Brothers; that the said Marcus Unger had departed this life, and that said note was unpaid, save for certain credits endorsed thereon, and prayed judgment for the balance due thereon. Answer of defendant was in form a general and specific denial. Supplemental answer pleaded the bar of the statute

against any antecedent debt of the partnership. The action was one at law and jury was waived and the cause tried to the court. At the trial the evidence of the plaintiff revealed that in 1929 he had furnished Marcus Unger of Unger Brothers Metals Company (a copartnership composed of Alex Unger and Marcus Unger) the sum of $7,400 to finance the purchase of certain junk, and that he had thereafter been repaid $5,000 of said amount, and that on February 1, 1930, Marcus Unger had given his individual note for $2,500 to secure the balance due on said account, and had thereafter, on April 1, 1931, executed the note involved in this suit as a renewal of the former obligation and secured the same by a mortgage on his individual property; that both of said notes had been given and accepted as collateral security for the antecedent partnership debt and not in payment or as a substitution therefor. The evidence of the defendant conflicted with that of the plaintiff in several material respects. The trial court, without being requested so to do, made the following findings of fact:

"And now on this 11th day of August, 1937, said cause comes on for further hearing, the parties appearing by their attorneys of record, and the court being fully advised in the premises, finds that on April 1, 1931, Unger Brothers Metal Company, a copartnership composed of Marcus Unger and Alex Unger, was indebted to the plaintiff for borrowed money which was long past due and unpaid, and that at the demand of the plaintiff upon Marcus Unger for payment, the same was not paid and the note sued on herein was given by Marcus Unger for that reason, and at the same time and place and as a part of the same transaction, and for the same purposes, the said Marcus Unger executed and delivered to the plaintiff his certain real estate mortgage upon his individual property located in Oklahoma county, Oklahoma, which mortgage was a second mortgage on said property; that thereafter the first mortgage on said property was foreclosed and said property sold at sheriff's sale, and that nothing was derived therefrom to apply upon the note sued on in this action, and that plaintiff received no payment or proceeds of any kind, or in any amount, through said foreclosure action.

"The court further finds the issues in this cause in favor of the defendants and each of them, and that the defendants have pleaded the statute of limitations, which the court finds to be a defense to this action. To all of which plaintiff excepts."

The court rendered judgment in favor of defendant, motion for new trial was overruled and denied, and plaintiff has prosecuted this appeal.

As grounds for reversal plaintiff makes but one contention here, which, succinctly stated, is that, since the note in controversy had been given by Marcus Unger as security for the antecedent partnership debt, it therefore constituted a recognition of the debt and entitled plaintiff to judgment against the defendant as a matter of law. In support of this contention plaintiff cites Watkins v. Huff, 101 Okla. 5, 222 P. 693; Schneider v. Republic Supply Co., 123 Okla. 98, 252 P. 45; Rowley, Modern Law Partnership, pars. 433, 434; 4 C. J. p. 869; Mechem on Partnership, par. 196; Salt Lake City Brewing Co. v. Hawke (Utah) 66 P. 1058; Reynolds v. Cleveland, 4 Cowen, 282, 15 Am. Dec. 369; Mills v. Riggle (Kan.) 112 P. 617; Vancouver National Bank v. Katz (Wash.) 252 P. 934. An examination of the authorities thus cited reveals that they differ both upon fact and principle from the situation here presented and do not support the contention which the plaintiff seeks to make. The plaintiff in the action at bar was seeking to recover on a note on the theory that it was an obligation of the partnership. His evidence failed to substantiate this theory, but on the contrary established the fact that the note was merely collateral security, and further disclosed that the indebtedness which it had been given to secure had been barred by the statute of limitations (12 Okla. St. Ann. § 95). The trial court found that the plaintiff was not entitled to recover on the original consideration, and for this reason the cited cases wherein recovery was permitted are inapplicable. The find-

ings as made by the trial court, having been made without request, constitute a general finding in favor of the defendant. Gates v. Settlers' Mining Canal & Reservoir Co., 19 Okla. 83, 91 P. 856; Forbes v. Becker, 150 Okla. 281, 1 P. 2d 721; Setzer v. Moore, 164 Okla. 70, 22 P. 2d 998; Midland Savings & Loan Co. v. Donohoo, 181 Okla. 498, 74 P. 2d 1147. As said in Barnett v. Hentges, 111 Okla. 91, 238 P. 188:

"Where a jury is waived and the cause is tried to the court and the finding of the court is general, such finding is a finding of every special thing necessary to be found sustaining the general judgment, and such finding, when reasonably supported by the evidence in the case, is conclusive on the Supreme Court upon all doubtful and uncertain questions of fact so found."

Under the record presented, the judgment is to be accorded the same weight as a verdict of a properly directed jury, and there being evidence in the record to support the judgment, the same will not be disturbed.

Judgment affirmed.

BAYLESS, C. J., and RILEY, CORN, HURST, and DANNER, JJ., concur.