## NELMS v. NEWTON et ux.

No. 32869.    Sept. 16, 1947.

Rehearing Denied Oct. 7, 1947.

*185 P. 2d 202.*

Carver & Cook, of Wewoka, for plaintiff in error.

Allen G. Nichols and Walter Billingsley, both of Wewoka, for defendants in error.

HURST, C.J. On May 15, 1945, plaintiff, Grady Nelms, purchased at the tax resale lot 23 of block 4 of the city of Wewoka on his bid of $401. The lot was sold to satisfy the ad valorem taxes for the years from 1930 to 1944, inclusive, in the amount of $324.96. During those years two houses were located on the lot which the court found to be

worth $500, but which the plaintiff, Nelms, alleges were worth $1,200. The lot was assessed for those years as improved property, but it was assessed as unimproved property for 1945. Prior to 1945, S .N. North held a lien on said lot to secure a paving assessment and he had foreclosed his lien by a civil action and acquired title to the property in said foreclosure proceedings, subject, however, to the ad valorem tax lien. The evidence tends to establish that at sometime in 1944 North and the defendant, Guy Newton, entered into negotiations under which Newton was to remove the two houses from said lot to an adjoining lot so that when the lot was sold at resale for ad valorem taxes it would be sold as vacant property and could probably be purchased for a nominal consideration of $1. North claims that Newton was to pay him $200 for the houses, while Newton claims that he was to pay $150. The smaller of the two houses was moved in September, 1944, and the larger house was moved in March, 1945, but after it was moved three and one-half (3½) feet of the larger house remained on lot 23.

Nelms as holder of the resale tax deed to lot 23 commenced this action against Newton and Thelma Newton, his wife, to be adjudged the owner of the two houses so moved from lot 23 and for a mandatory injunction requiring the defendants to move the houses back on lot 23 or, if that relief could not be secured, for a judgment of $1,-200, the alleged value of the two houses.

The defendants filed an answer alleging that Nelms is not the real party in interest but that he is prosecuting the action for the benefit of North, who they allege is the real owner of lot 23 under the resale tax deed and the real party in interest. They allege the agreement between North and Newton as to the removal of the houses for the purpose of defeating the ad valorem tax lien and that after the houses were removed according to such agreement,

North and Newton had a disagreement as to the amount to be paid for the houses. They allege that the plaintiff does not come into court with clean hands and consequently is entitled to no relief.

The defendants introduced evidence tending to sustain their defense, to the effect that before the resale North threatened to run up the price of lot 23 at the resale unless Newton would pay the amount of his paving tax lien in the sum of $238, that at the sale Newton ran the bid up to $400 and Nelms raised the bid to $401, and that Nelms was bidding at the directions of North. Both Nelms and North denied that North was the real party in interest or claimed an interest in the lot.

The court was not asked to make findings of fact and conclusions of law, and in the journal entry of judgment made no findings as to who the real party in interest was. The court did find that the houses were moved off under a verbal agreement between North and Newton, but that Newton paid no consideration for the houses; that at the time of the resale Nelms knew that the houses had been moved from the lot and that he acquired no interest in the houses except the 3½ feet of the larger house extending over onto lot 23. The court adjudged that Nelms was the owner of the 3½ feet of the house extending over onto lot 23, but owned no interest in the remainder of the houses and was not entitled to have the buildings returned or a judgment for their value. From that judgment, the plaintiff appeals.

For reversal, the plaintiff argues (1) that since the ad valorem tax lien, for which the property was sold, covered the houses as well as the land, the plaintiff acquired title to the houses as well as the land (citing 68 O.S. 1941 §15.3, Davis v. Taylor, 194 Okla. 565, 153 P. 2d 231, and other authorities); (2) that the agreement between North and Newton being verbal violated the statute of frauds and was invalid; and

(3) that Newton's position could be no better than that of North.

The defendants contend that the record sustains their defense that, in buying the property at the tax resale, the plaintiff was acting for North and that because of the arrangement between North and Newton to remove the houses from the lot and thereby defraud the municipalities in the collection of the taxes due them, the plaintiff did not come into court with clean hands, and equity would leave the parties where it found them.

The gravamen of the case is to quiet title to the houses and to compel Newton by a mandatory injunction to move the houses back on lot 23, and it is therefore one of equitable cognizance and is governed by equitable principles. Wade v. Burkhart, 196 Okla. 615, 167 P. 2d 357; Thompson v. North, 191 Okla. 356, 129 P. 2d 1011.

In Rust v. Gillespie, 90 Okla. 59, 216 P. 480, we stated the applicable rule as follows:

"Under the maxim, 'He who comes into equity must come with clean hands,' a court of equity will not lend its aid in any manner to one who has been guilty of unlawful or inequitable conduct in the transaction from which he seeks relief, nor to one who has been a participant in a transaction the purpose of which was to defraud a third person, to defraud creditors, or to defraud the government, nor to a party to a transaction whose purpose is violative of public policy."

To the same effect, see Wickham v. Simpler, 198 Okla. 580, 180 P. 2d 171.

Since the parties did not request the court to make findings of fact as provided in 12 O.S. 1941 §611, we will consider only the general finding of fact. Midland Savings & Loan Co. v. Donohoo, 181 Okla. 498, 74 P. 2d 1147. And the general finding in favor of the defendants is a finding of each issuable fact necessary to sustain the general judgment. Barry v. Hubbard,

195 Okla. 112, 155 P. 2d 512; 12 O.S.A. 1941 §611, par. 3 of the annotations. The court will, therefore, be deemed to have found in favor of the defendants on the issue of unclean hands.

We have examined the record and are of the opinion that the court was justified in finding that the plaintiff was acting for North in purchasing the property at the tax resale, and that the inequitable conduct of North in seeking to defraud the municipalities is imputable to the plaintiff, and that, therefore, under the equitable rule of clean hands above quoted, the court should leave the parties where it found them.

Judgment affirmed.

RILEY, WELCH, CORN, and LUTTRELL, JJ., concur.