## TROTTER v. WOOD *et al.*

No. 5430.    Opinion Filed October 19, 1915.

(152 Pac. 600.)

1.    **EVIDENCE — Parol — Proceedings of County Commissioners.** Where it is shown that the record and files of the county commissioners' proceedings are not complete, and even in the absence of any record having been made of what was actually done, parol testimony is competent to show the facts, and prove that which actually took place, except as to those matters which the statute specifically requires to be recorded.

2.    **ESTOPPEL—Laches—Highways—Counties.** Where a county has accepted and used other lands for road purposes in lieu of the section line for 14 years, and valuable improvements have in good faith been erected on the section line, the county is estopped to say the road which it selected, worked, and used during all those years is not a public highway, and was not accepted in lieu of the section line, and cannot divest the other party of his improvements without compensation.

(Syllabus by Brett, C.)

*Error from District Court, Woodward County;*
*James B. Cullison, Judge.*

Action by John A. Trotter against Dennis Wood, Road Supervisor, and the Township Board of Detroit Township. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*C. W. Herod,* for plaintiff in error.

*Chas. Swindall,* for defendants in error.

Opinion by BRETT, C. This is a suit in injunction commenced by the plaintiff in error against the defendants in error in the district court of Woodward county to enjoin the defendants, as road supervisor and township board, from opening a certain section line.

The material facts as they appear from the pleadings and record, briefly stated, are that the plaintiff owned the land on both sides of this section line; that when the country was settled in 1893 this section line was considered impracticable as a public highway, and in 1901 the plaintiff and others petitioned the board of county commissioners to vacate the section line and open a road running diagonally across the plaintiff's farm, at which time the commissioners entered an order which recites that:

"Petition of John A. Trotter *et al.* was read. Petition approved, and Cris Gaston, Wallace Mote, and James Spurlock were appointed viewers, and survey ordered; clerk to set day."

No further proceedings appear of record in the county clerk's office with reference to the matter, but it appears that a road running diagonally across the plaintiff's farm was opened, and has since been used by the public as a public highway, and worked by the county and

road district authorities; that plaintiff subsequently to these proceedings by the county commissioners sowed this section line, in connection with the adjoining lands, to alfalfa, and erected fences, lots, and hog lots thereon; that the plaintiff would sustain considerable damage and inconvenience by the opening of this section line; and that the township board was proceeding to open the same without any condemnation proceedings or any intention to compensate the plaintiff for any damage sustained by him by reason of opening this section line.

The cause came on for trial, and the defendants objected to the introduction of any evidence upon the facts pleaded, and under the admission of counsel for plaintiff that he would rely upon parol evidence to prove what was actually done where the record was silent. This objection was sustained, and judgment entered for the defendants, and the plaintiff appeals to this court. We think the court erred in sustaining the objection to the introduction of evidence.

The plaintiff was not the custodian of the files and records of the county commissioners' proceedings, and if the files and records were not properly preserved, or were lost, or destroyed, the plaintiff should not be made to suffer thereby; and, in the absence of a record having ever been made as to what was actually done, parol testimony was competent to show the facts, and to prove what had actually taken place, except as to those matters which the statute specifically required to be recorded. The petition of the plaintiff to vacate the section line and lay out another road running diagonally across his farm in lieu of the section line was not an instrument that the law required to be recorded; and if for any reason it was lost

or destroyed, and was absent from the files, and could not be produced, the plaintiff was entitled to show by parol its contents; and if he showed that in that petition he asked that the section line be vacated, and a road running diagonally across his farm be opened up and accepted in lieu of it, then the record of the action of the county commissioners upon that petition, which recites that the petition was read and approved, could be construed in no other light than an acceptance of the terms of the petition and a granting of the prayer therein, and the recorded order, though brief, would be conclusive that the section line was by its terms vacated, and the proposed road accepted in its stead, and volumes could not more clearly disclose that fact; and if the section line was vacated, and another road accepted in its stead, then the county can never again acquire title to it, except by condemnation proceedings and compensating the owner, who gave other lands in exchange for it.

It is true, as contended by the defendants, that the statute, when a petition to vacate or alter a road is filed, requires that the commissioners give certain notice, and that a record of that notice be entered on the journal by the clerk. Section 5712, Statutes 1893. But that notice is for the benefit of other interested parties, and not for the benefit of the county, which has notice of the proposed change brought to it, through its commissioners, by the filing of the petition; and if that notice is not given or recorded as required by law, the county cannot take advantage of its own laches, and be heard to complain because it did not give the notice to others which the law required it to give, and even other parties who have acquiesced and silently accepted the benefits of the

change for 14 years would be estopped to complain at this late day.

It is also true that the statute provides that, when a road is changed, the commissioners shall "direct the county clerk to note such location, relocation, or change of roads upon the road records of his office." Section 5712, Statutes 1893. But that provision clearly appears to be for their own convenience, and for the convenience and direction of the township officials and road supervisors, and is to be done only after the road has actually been changed. And could the failure of the commissioners to direct the clerk to make this note, or the failure of the clerk to make the note as directed, nullify that which had already been done, and divest other parties of rights they acquired by a solemn and recorded exchange with the county? We think not.

It is also, as contended by defendants, the "duty of the viewers at the same time they make their report of the view, to also make a separate report to the county commissioners, in writing, stating the amount of damages, if any, assessed by them, and to whom." Section 5716, Statutes 1893. But, if no damages are assessed, no written report concerning same is required.

The plaintiff, acting in good faith, placed valuable improvements upon this abandoned section line. The county has treated it as abandoned for 14 years, worked and kept up as a county road and public highway the other road for 14 years, and it is now estopped to say that this new road is not that which it has treated it as being during all these years; especially since the rights of other parties have intervened.

There are other proceedings provided by the statute and insisted upon by the defendants which the record does not show to have been complied with, such as the fact that the record does not show a bond to have been given by the plaintiff to defray the expenses of having the new road viewed and surveyed as prescribed by the statute. But, if no bond was required by the commissioners, the county waived that, and cannot now seek to invalidate its acts by reason of that fact.

The plaintiff was entitled to introduce his evidence to prove the contents of his petition; and the order of the commissioners accepted its terms, whatever they were, and granted its prayer, and the county is bound by their order. But even in the absence of any exchange, the conduct of the parties in this case would amount to a dedication on the part of the plaintiff of the road running diagonally across his farm and an acceptance of it by the county. Judge Dillon, in his work on Municipal Corporations (2 Dillon's Municipal Corporations, sec. 631), says:

"No specific length of time is necessary to constitute a valid dedication; all that is required is the assent of the owner of the soil to the public use and the actual enjoyment by the public for a length of time that the public accommodation and private rights would be materially affected by a denial or interruption of its enjoyment."

And Elliott, in his work on Roads and Streets (3d Ed), sec. 186, says:

"It may be said generally that, if rights have once become fixed by dedication and acceptance, they cannot be taken away by subsequent acts or declarations, and even a municipality cannot, ordinarily at least, impair or take away such rights without compensation."

We therefore recommend that the judgment be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.