### CARR et al. v. COBBLE et al.

No. 10791—Opinion Filed Oct. 21, 1924.

Rehearing Denied Dec. 31, 1924.

(Syllabus.)

**Trial — Instructing Verdict for Plaintiff — When Improper.**

Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by I. C. Cobble and another against H. M. Carr and another for conversion. Judgment for plaintiffs against Carr, and he brings error. Reversed and remanded.

J. T. Blanton, for plaintiffs in error.

C. H. Thomason and Bowling & Farmer, for defendants in error.

McNEILL, C. J.   This action was commenced in the district court of Garvin county by L. C. Cobble and Ada Cobble, his wife, against H. M. Carr to recover damages for wrongful attachment of and selling certain personal property under said attachment, and against Marion Henderson, surety on the attachment bond.

The plaintiffs alleged, in substance, that in 1916 H. M. Carr commenced a suit in the justice court of Pauls Valley township in Garvin county, before John W. Scott, a justice of the peace, against I. C. Cobble and had issued a purported writ of attachment which was levied upon the household goods of the plaintiff, and which goods were thereafter sold under said writ of attachment. It is alleged that the sale of the goods was wrongful for the reason that no legal notice was given the plaintiff and no service of any kind was had on the plaintiff, and further alleged that the household goods attached were exempt.

It will thus be seen from the petition that the plaintiff having alleged that the judgment in the justice court was invalid for the reason that there was no service upon the plaintiff, the burden of proof was upon him to sustain the allegations thereof.

The plaintiff, to support the allegations of the petition produced as a witness the justice of the peace who issued the writ and rendered judgment in the action, and who testified the papers in the justice court, except the judgment itself, were lost. Plaintiff attempted to prove by the justice of the peace the contents of the summons and the return made thereon. This testimony was objected to, but the objection was overruled. We think there was no error in permitting the introduction of this testimony. See 22 Corpus Juris, 1010; also Trotter v. Wood, 52 Okla. 20, 152 Pac. 600. The justice of the peace, however, in testifying stated that he had no independent recollection as to whom the summons was issued to nor what the return disclosed. He admitted that he had told Mr. Cobble some time after the judgment was rendered that he understood the summons had been served upon him (Cobble) in Cleveland county. The judgment of the justice of the peace was introduced in evidence as a part of the cross-examination and contained the recital that "due and proper service, personally, of the defendant had been made." The justice of the peace did not testify what the return on the summons filed in his office disclosed but stated he had no independent recollection thereof.

The plaintiffs next produced Mr. Turner, a deputy sheriff, to prove the contents of the summons and what the return disclosed. This witness likewise testified that he had no recollection of what the summons contained, nor the service thereon. Mr. and Mrs. Cobble testified they were in Cleveland county during the time the proceedings in the justice court were had and that Mr. Cobble had never been served with summons in the case. Plaintiff introduced what purports to be a copy of a summons issued by Mr. Scott, the justice of the peace in Garvin county, and directed to the officer of Cleveland county. The record does not disclose this was a copy of the summons served on the defendant Cobble, although the defendant offered to prove that fact, but the court sustained the objection to the evidence.

The above were the only witnesses who testified. The defendant demurred to the evidence of the plaintiffs, which was overruled. The court then directed a verdict in favor of the plaintiffs and against the defendant Carr, and submitted to the jury the question of the value of the goods which had been sold. From said judgment the defendant Carr appeals and assigns numerous assignments of error.

It is contended by the plaintiff in error that this is a collateral attack on the proceedings in the justice court, and judgment of the justice of the peace having recited that appellant had been personally served, that fact in conclusive and cannot be questioned in this kind and character of proceeding.

The defendants in error take the position if an inspection of the judgment roll discloses the service of summons had on defendant was in fact in another county, the judgment is void, and in order to ascertain this fact it is necessary to examine not only the judgment itself, but the summons and the return should be examined. We think this position is correct. See Title Guaranty & Surety Co., v. Foster, 84 Okla. 291, 203 Pac. 231; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

No one testified as to what the return of the summons disclosed. If the summons disclosed the same was served upon the defendant Cobble in Cleveland county, it is conceded that the service was void and the jus-

tice court acquired no jurisdiction of the defendant, but there is no direct evidence of this fact. The two defendants themselves testify they were in Cleveland county at the time.

This court in several decisions has announced the following rule:

"Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict." Continental Insurance Co. v. Chance, 48 Okla. 324, 150 Pac. 114.

The evidence produced was not of such character as would justify the court in directing a verdict.

For reasons stated, the judgment of the trial court is reversed and remanded, with instructions to grant plaintiff in error a new trial.

HARRISON, JOHNSON, MASON, WARREN, and GORDON, JJ., concur.