## RUSSELL v. LENNOX FURNACE CO. et al.

No. 18219.   Opinion Fi ed Dec. 18, 1928.

Rehearing Denied May 14, 1929.

W. J. Davidson, for plaintiff in error.

Morse & Tyson, for defendants in error.

TEEHEE, C.   The Lennox Furnace Company sued H. H. Hyer and J. S. Russell, individually and as copartners, under their trade name of Blockie Furnace & Supply Company, to recover on an account of $3,072.18 for merchandise sold by plaintiff to defendants under the terms of a written agreement, a copy of which and a verified statement of the account by exhibits being made a part of the petition.

Plaintiff was a manufacturer of certain articles of merchandise, and defendants were jobbers thereof with outlined trade territory fixed in the contract. The period of the contract was for five years with the privilege of renewal for a like period, provided that "business relations have been satisfactory between the parties." Defendants agreed to purchase and pay for an annual minimum quant.ty of plaintiff's wares and promote the sale thereof in their trade territory, wherein plaintiff agreed to furnish catalogs, circulars, cuts, and the like, for advertising purposes, and to refer inquiries from the trade territory to defendants. A fixed rate of discount on the purchases made by defendants was provided for, and defendants agreed not to carry any other stock of like quality during the existence of the contract. Purchases were f. o. b. plaintiff's factory, and payable 60 days net. Plaintiff's petition was a simple declaration on account under the terms of the purchase provisions of the contract. The action was brought a little more than a year after the expiration of the original five-year period of the contract.

Defendants, by verified answer, denied the indebtedness, and further pleaded a renewal of the contract, and that plaintiff breached the same subsequent to renewal in the sale of its wares to others in their trade territory contrary to the provisions of the contract in which they had expended large sums of money in the promotion of the sale of plaintiff's wares, and in its refusal to sell further to defendants, all to their injury and damage in the sum of $9,300, for which they prayed judgment. Upon successful demurrer to the answer, plaintiff replied in traversement of all new matter set up in the answer.

A jury being waived, the cause was tried to the court. There were no requests for special findings of fact. The court found that the defendants and each of them were "justly and truly indebted to plaintiff in the sum of $2,675, and that the plaintiff is entitled to recover judgment against said defendants and each of them for said sum," and thereon rendered judgment in said amount for plaintiff. Motion for a new trial in proper form was filed and overruled.

Defendant J. S. Russell alone seeks reversal of the judgment. Errors assigned are that the judgment is not supported by the evidence, and admission of incompetent evidence.

At the threshold we are met with plaintiff's contention that defendant is foreclosed in his first ground of complaint, for that he did not first challenge the sufficiency of the evidence in the trial court, either by demurrer or motion for judgment, and relies on Norman v. Lambert, 64 Okla. 238, 167 Pac. 213, and Oklahoma State Bank v. Ward, 127 Okla. 45, 259 Pac. 644, which lay down the rule that:

"Where a party submits his case to the jury without demurring to the evidence of his opponent, or asking a peremptory or instructed verdict thereon, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the finding is not presented for review by a motion for new trial alleging insufficiency of the evidence."

Where a cause is tried to the court as a trier of fact, the rule contended for does not apply. In Lambert v. Harrison, 69 Okla. 172, 171 Pac. 45, it was held:

"In a trial of a cause by the court, the question of a sufficiency of the evidence to support the judgment may be reviewed by this court upon the overruling of the motion for a new trial alleging the insufficiency of the evidence, although there has been no demurrer to the evidence or request for judgment for the defendant."

We therefore overrule this contention of plaintiff, and pass to the consideration of the first error assigned.

In the trial of the cause, it was plaintiff's theory that, during the last year of the original term of the contract, by reason of the impairment of defendants' financial standing, negotiations were begun which extended by several months beyond the expiration of such original term, resulting in failure of a mutual agreement of renewal, whereupon defendants were advised thereof with acknowledgment by them of the fact of such failure. It was defendants' theory that there was a renewal of the contract with recognition thereof by plaintiff.

The evidence consisted largely of correspondence between the parties during a period of more than a year, supplemented with oral evidence, both explanatory of the circumstances inducing the written matter, and directly upon the contentions of the parties. Upon the correctness of the indebtedness, there was no controversy except that certain credits claimed by defendants were not shown on the statement of account, part of which credits were admitted by plaintiff at the hearing and other credits doubtless taken into consideration by the court in its general finding of fact. Inability of defendants to meet their obligations upon maturity was not open to controversy under the record. With the exception of $220.13 thereof, the account sued on was for merchandise sold by plaintiff to defendants prior to the expiration of the original term of the contract, credit therefor not having been extended until adjustment of prior purchases by defendants then overdue. The excepted amount of $220.13 was for merchandise sold by virtue of an understanding, as contended by plaintiff, that during the pendency of negotiations for a renewal of the contract, defendants' requirements would be taken care of where mutually agreed upon. These latter purchases and certain statements contained in the correspondence, defendants contended, constituted recognition of the binding force of the contract for the period of five years from the original expiration thereof.

This brief analysis of the evidence suffices to show the situation of the parties in relation to the contract involved, and upon which evidence the court found the indebtedness of defendants to plaintiff in the sum of $2,675. The finding of the court, being general in terms, was tantamount to a finding that plaintiff had not breached its contract as contended by defendant, and as there is in the record evidence reasonably tending to support the general finding and judgment based thereon, this ground of alleged error cannot be sustained, the rule being stated as follows:

"Where a jury is waived and the cause is tried to the court, and the finding of the court is general, such finding is a finding of every special thing necessary to be found sustaining the general judgment, and such finding, when reasonably supported by the evidence in the case, is conclusive on the Supreme Court upon all doubtful and uncertain questions of fact so found." Barnett v. Hentges, 111 Okla. 91, 238 Pac. 188; Denison v. Phipps, 87 Okla. 299, 211 Pac. 83; Roudebush v. Colonial Supply Co., 120 Okla. 292, 251 Pac. 474.

The other point of complaint against the judgment is that, over the objections of defendant, one of plaintiff's witnesses was permitted to testify as to the general feeling of certain dealers in plaintiff's wares through defendants as brokers. which was to the effect that such dealers "were not satisfied

with the treatment they were getting from defendants." This was ascertained through conversations by this witness with such dealers during the last month of the original contract, and the following month. Defendant asserts that this was objectionable as hearsay, and urges that the admission thereof was highly prejudicial to his rights. We agree with defendant that this evidence was properly inadmissible as hearsay, not being of that character of evidence admissible under the exceptions to the rule upon hearsay evidence, and therefore was incompetent. But in the light of the record, as we find it, we cannot say that admission thereof operated to the prejudice of defendant to the extent of affecting his substantial rights. It is well settled that:

"Where error is predicated upon the introduction of incompetent evidence, it must appear that the trial judge relied upon such incompetent evidence before the cause will be reversed; and where the conclusions of fact and of law fairly show that such evidence was not considered, its admission will be held not prejudicial." Insurance Co. of North America v. Cochran, 59 Okla. 200, 159 Pac. 247; Security National Bank v. Martin, 113 Okla. 295, 241 Pac. 812.

For the foregoing reasons, the judgment of the district court is affirmed.

BENNETT, REID, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.