### ISLE v. INMAN.

No. 19010.    Opinion Filed April 9, 1929.

Meacham & Meacham and Sandlin & Winans, for plaintiff in error.

Darnell & LaRue, for defendant in error.

FOSTER, C. In May, 1925, George Inman filed a petition in the superior court of Custer county praying for damages against one Walter Isle, who first filed a motion to make more definite and certain, and Inman filed an amended petition. In September, 1925, Walter Isle filed an answer and cross-petition, and later a reply was filed thereto.

With the issues thus made up, no further action was taken until in December, 1926, when Inman filed a motion to transfer the cause to the district court of Custer county, and pursuant to said motion to transfer, one W. P. Keen, purporting to act as superior judge of said court, made an order of transfer to the district court of said county. Thereupon, the court clerk of Custer county, who was also acting as the clerk of the superior court, transferred all the original papers to the district court where the case was placed upon the trial docket.

In May, 1927, the defendant, Walter Isle, filed in the district court a special appearance and objection to the jurisdiction of said court, on the grounds that the matter had been illegally transferred and that no summons had been issued by the district court of Custer county, and that said district court therefore obtained no jurisdiction. This motion referred to the cases of C., R. I. & P. Ry. Co. v. Carroll, etc., 114 Okla. 193, 245 Pac. 649, and Koch v. Keen, 124 Pac. 270, 255 Pac. 690.

The district court overruled the objection of the defendant, Walter Isle, to the jurisdiction, and proceeded to hear the case on its merits, which resulted in a judgment in favor of the plaintiff. After an unsuccessful motion for a new trial, the defendant, Walter Isle, prosecutes this appeal. The parties will be referred to as they appeared in the trial court.

The defendant relies upon only one ground for the reversal of this case, as follows: That the district court erred in overruling defendant's objection to the jurisdiction of said court, and to support this contention defendant argues the same under two propositions:

First. That the so-called superior court being illegal and void, the case was never in fact pending in a court, and therefore no agency was capable of legally transferring the case to any court.

Second. If it could be held that some part of the superior court's act was valid, the Supreme Court having definitely determined that the appointment of W. P. Keen was void, an order transferring the cause by said court would certainly be illegal and void.

After the issues in this case were made up, without any objection as to the jurisdiction of the superior court of Custer county, this court, in December, 1925, handed down the case of C., R. I. & P. Ry. Co. v. Carroll etc., supra, in which case it was decided that the second section of chapter 26, Sess. L. 1923, creating the superior court of Custer county, was unconstitutional and void. This section provided, in substance, that the district judge of the judicial district in which Custer county is located should be ex officio judge of said superior court, and further provided that the clerk and other officers of the district court should be ex officio officers of said court. However, the case further held that section 1, chapter 26, Sess. L. 1923, was constitutional and valid, which section created the superior court of Custer county. After deciding that section 1 was constitutional, and section 2 unconstitutional, the court upheld all matters which had been disposed of in said superior court in the following language:

"Inasmuch as considerable confusion may be created in the minds of litigants in cases which have heretofore been disposed of by said court by reason of the fact that we have concluded that section 2 is invalid, we deem it advisable to state that the district judge in acting as the judge of the superior court was acting as a de facto judge, and his acts would not be invalid by reason of the unconstitutionality of section 2."

Immediately after the rendition of this opinion, the Governor of Oklahoma appointed W. P. Keen as superior judge of said court, and about twelve months later the case was transferred as above set out. After the transfer of the case, but before the defendant filed his objection to the jurisdiction of the district court, the case of Koch v. Keen, supra, was decided by this court. That case held, in substance, that W. P. Keen was neither a de facto nor a de jure officer, and that the holding in the case of

C., R. I. & P. Ry. Co. v. Carroll, etc., supra, to the effect that the district judge was disqualified to act as judge of the superior court, did not create a vacancy, and the Governor had no power to appoint W. P. Keen as judge of said court.

We are therefore confronted with the proposition that when the issues were made up in the instant case, the superior court of Custer county was existing, and that the district judge was a de facto officer of said court and his acts were not invalid. Therefore, we hold that this case was legally pending in the superior court of Custer county at the time of the rendition of the opinion in the case of C., R. I. & P. Ry. Co. v. Carroll, etc, supra.

This, we believe, answers the first proposition presented by the defendant, and in this conclusion we are supported by the cases of Forester v. State (Okla. Cr.) 252 Pac. 861, and Fast v. Gilbert, 102 Okla. 245, 229 Pac. 275.

The second proposition presented by the defendant is to the effect that the order of transfer made by W. P. Keen is void. With this contention we agree. The case of Koch v. Keen decided that W. P. Keen was neither a de facto nor a de jure officer; therefore, his acts were a nullity.

However, we do not believe that this necessarily means that the transfer of this case was illegal. We have above concluded that the instant case was legally pending in the superior court of Custer county. After the cases of C., R. I. & P. Ry. Co. v. Carroll, etc., and Koch v. Keen, supra, were decided, the court became ineffective, and in effect became an abandoned court, because, although existing, it had no legal judge, and no provision for securing one.

Section 4290, C. O. S. 1921, is as follows:

"That wherever any court is heretofore or may hereafter be created and thereafter abandoned, or where any county is heretofore or hereafter abandoned, all civil or criminal cases, which may be filed in such created courts or in the courts of such created counties, shall be transferred to the court of said county wherein such court town is located, or if the county is created and thereafter abandoned, the cases fi'ed, and the dockets and records of said court are hereby transferred, and a new county created and thereafter abandoned, all cases filed in the district court or in the county court, shall be hereafter transferred into courts of such counties having jurisdiction over the territory formerly under the jurisdiction of such county and courts and such judge, of the newly organized county, or the county in which the territory of such courts was located, shall have complete jurisdiction over all cases therein pending and dispose of same as if said cases were originally filed in such court and dispose of things as fully and completely as if such court had original jurisdiction of said matter."

Under this section, all cases pending in an abandoned court are by operation of law transferred to another court having jurisdiction of the cause. It would therefore become the duty of the court clerk to transfer the cause to another court having the same jurisdiction. The case at bar was so transferred, and, we believe, was legally pending in the district court of Custer county.

We are further supported in this conclusion by section 5955, C. O. S. 1921, which creates the office of court clerk and provides that such officer shall perform all the duties provided by law for the district clerk, the clerk of the county court, and the clerk of the superior court. Under this section, we believe the court clerk of Custer county would become the clerk of the superior court if there was no provision in the act for a clerk.

We might further call attention to the fact that section 6, chapter 26, Sess. L. 1923, provides that the court clerk shall transfer cases from the superior court to the district court upon motion filed by either plaintiff or defendant. In the case at bar the plaintiff filed a motion to transfer, and, although the judge's order may have been illegal, it was not necessary in order for the clerk to act, and therefore immaterial.

The defendant in his reply brief contends that the entire act creating the superior court was unconstitutional and void, but this question, we believe, has been decided heretofore by this court in the case of C., R. I. & P. Ry. Co. v. Carroll, etc., supra, and we will not further consider the same.

For the reasons above given, we believe the district court of Custer county did not err in overruling the objection to the jurisdiction of said court, and that this cause should be, and is hereby, affirmed.

BENNETT, TEEHEE, LEACH, REID, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.