## BINGENHEIMER v. HOLCOMB & HOKE MFG. CO.

No. 19493. Opinion Filed June 24, 1930.

Rehearing Denied Sept. 9, 1930.

Commissioners' Opinion, Division No. 1.

Meacham, Meacham & Meacham, for plaintiff in error.

A. J. Welch, for defendant in error.

LEACH, C. This is an appeal by W. F. Bingenheimer from a judgment rendered against him in the district court of Custer county in favor of Holcomb & Hoke Manufacturing Company for an amount found due on a promissory note.

The action was commenced and the issues principally made up in the superior court of Custer county subsequent to the decision in the case of C., R. I. & P. Ry. Co. v. Carroll, Brough, Robinson & Humphrey, 114 Okla. 193, 245 Pac. 649, and prior to the decision in Koch v. Keen, 124 Okla. 270, 255 Pac. 690, which cases deal with the legislative act creating said superior court. After rendition of the decision in Koch v. Keen, supra, on application of the plaintiff, the papers and files in the case were transferred and the case docketed in the district court of that county; thereafter the defendant Bingenheimer filed written objection to the jurisdiction of the district court on the ground that he had not been served with summons out of the district court and had had no opportunity to plead in that court, which objections were overruled.

The first proposition or assignment of error presented and argued in the brief of the plaintiff in error is:

"The trial court erred in overruling the objection to the judisdiction by reason of the superior court case."

It is the contention of the plaintiff in error that the superior court had no legal status as a court and that no transfer of the action could be made therefrom to the district court. A very similar contention was raised and decided adversely to the contention of the plaintiff in error in the case of Isle v. Inman, 136 Okla. 77, 276 Pac. 490, and followed in the later case of C., R. I. & P. Ry. Co. v. Carroll, Brough, Robinson & Humphrey, 143 Okla. 128, 287 Pac. 411, April 1, 1930, wherein it was held that the district court had jurisdiction of those cases, they having been transferred from the superior court to the district court of Custer county.

Under the authority and holding in those cases, especially Isle v. Inman, supra, where the question is more fully discussed, we hold that the trial court had jurisdiction of the action and that its ruling on the objection to its jurisdiction was not erroneous. Furthermore, we are of the opinion that the defendant waived the question of jurisdiction of the district court by seeking affirmative relief therein in the introduction of the evidence in support of his counterclaim, wherein he prayed judgment against the plaintiff for the recovery of the sum of $88.50 paid on the purchase price and transportation charges on the machine involved. Clem Oil Co. v. Oliver, 106 Okla. 22, 232 Pac. 942; Phillips v. Kight, 138 Okla. 98, 280 Pac. 439.

The next assignments of error are presented under the following proposition:

"That, under the undisputed evidence and in the light of all the evidence offered in the trial of the case, the defendant's motion for judgment should have been sustained and judgment should have been for the defendant."

The plaintiff in error says this is an equity case, and that this court should examine and weigh the evidence.

Plaintiff sued on a promissory note alleged to have been executed by the defendant, and the defendant, who is the plaintiff in error here, admitted execution of the note, and as a defense thereto alleged fraud in its procurement in that the agent of the plaintiff falsely represented to defendant that he was familiar with defendant's business location, and the general conditions surrounding and connected therewith, and was an expert in determining from a study of such conditions whether or not a popcorn machine would make a profit and that he could tell from defendant's location and conditions that a popcorn machine installed in defendant's place of business would make a profit of $75 per month; further alleged that he, defendant, knew nothing of the operation, attraction, or salesmanship of such machine, and, relying upon the statements and misrepresentations of plaintiff's agent, did purchase the same and paid part of the purchase price and executed a note for the balance; that after the receipt of the machine and operating it for a reasonable length of time, he found that it could not be operated at a profit, and that, upon discovery of the fraudulent statements and representations of plaintiff, he immediately tendered delivery of the machine to plaintiff and rescinded the purchase, and by counterclaim further alleged that he had paid $88.50 on the purchase price and transportation charges on the machine, and asked judgment against the plaintiff for recovery of such sum.

Pursuant to motion to make the answer more definite and certain, the defendant by supplemental answer further alleged that his negotiations with the agent of the plaintiff were partly oral and partly in writing, and attached to his supplemental answer copy of what he alleged was the substance of a written purchase agreement entered into at the time of the execution of the note sued on, which copy contained the following words: "We guarantee machine to make $75 per month profit"; and defendant further alleged that if the order which he signed did not contain in substance such guaranty clause, that the same was fraudulently omitted by the plaintiff through its agent by shifting and manipulating the papers in such a way as to trick or mislead the defendant.

The plaintiff, by verified reply, generally denied the allegations set forth in the defendant's answer, except that it admitted that a purchase contract was entered into between it and the defendant similar to that set forth in defendant's answer except that such original contract did not contain the guaranty clause respecting profits referred to in defendant's answer, and alleged that original purchase agreement or contract so entered into between the parties was on file in the office of the county clerk of Custer county.

Under the pleadings, it appears that the defendant acted and sought relief under the first remedy referred to in the syllabus of Howe v. Martin, 23 Okla. 561, 102 Pac. 128, cited by plaintiff in error, wherein it is stated:

"A person induced by false and fraudulent representations to purchase or exchange for property has three remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely, and sue in an action at law, and recover the consideration parted with upon the fraudulent contract; * * * or, second, he may bring an action in equity to rescind the contract; * * * or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations."

See, also, Holcombe & Hoke Mfg. Co. v. Waters, 109 Okla. 107, 235 Pac. 198; Martinson v. Hamil, 132 Okla. 70, 269 Pac. 255.

The record shows that when the case was called for trial, each of the parties waived a jury, and the cause was tried to the court.

Since we consider the action one at law, we are not required to weigh the evidence, and, under the general rule in such cases, the judgment of the trial court will not be disturbed on appeal if there is any competent evidence reasonably tending to support the same.

However, we have examined the evidence in the record, and are unable to say that the judgment is against the clear weight of the evidence.

The plaintiff in error says that the judgment should be reversed even though the case were not in equity, because it is not only against the clear weight of the evidence, but is against the uncontradicted evidence.

Sections 5077 and 5078, C. O. S. 1921, which relate to rescission of contracts, are cited by plaintiff in error as grounds for relief, also the case of Holcomb & Hoke Mfg. Co. v. Auto Interurban Co. (Wash.) 250 Pac. 34, is relied upon as authority in support of the argument of plaintiff in error, and it is contended that the facts in the instant case bring it within the rule of that case where a verdict and judgment for the defendant in the lower court was sustained by the appellate court

The facts alleged by defendant in the instant case and those stated in the Washington case appear very similar, but we are doubtful if the evidence in the two cases was so similar. There is at least this difference between the cases, in that the verdict and judgment was for the defendant in the Washington case, while judgment was for the plaintiff in the instant case.

The answer of the defendant alleges that he relied in part upon the oral and false representations and statements of the agent of the plaintiff as an inducement to execute the order and notes, but his evidence would seem to indicate that he did not rely on the oral statements made by the agent, but relied on a written guaranty clause which he says he saw the agent of the plaintiff write into the purchase contract. His testimony was in part as follows:

"Q. Did he (agent) make any representation to you as to the amount of money this money maker machine would make you? A. Yes. Q. Just tell the court now what he said to you before you made any writing with him with reference to the money maker machine. (Objected to by counsel for plaintiff; overruled; exception.) A. Why, he had been calling on me here several times to try to sell me a machine, and I told him I couldn't be, didn't want to buy it, and finally he said, 'The company will guarantee this machine to make $75 a month, eight months in the year,' and I says, 'You put that in writing, and I'll buy it.' Q. What

else did he say? A. Well, he said I had an ideal place for a popcorn machine, and he had observed it several times and he knew it would make money. Q. Do you rely on that,—did you rely on that, Mr. Bingenheimer? A. I did. Q. Do you know whether or not it was embodied in the contract? A. It was, sir. It was in writing, pen and ink. Q. To refresh your memory, did he say anything about he had counted the number of people there on that corner? A. Yes, he said he had observed it closely, and he never made a mistake in his location. Q. How long did he tell you he had been in that business? Counsel for Plaintiff: Objected to as incompetent, irrelevant and immaterial, all that talk. The Court: Overruled. Exceptions. A. Three or four years. Q. And upon those representations, you say, you gave, you bought it? A. Not exactly, I told him if he would put it in writing, I would buy it. Q. And he did put it in writing? A. Yes. Q. Are you sure, Mr. Bingenheimer, it was inserted in the contract? A. Yes, sir, it certainly was."

During the trial of the cause there was introduced in evidence a purchase contract or agreement purporting to have been the one signed by the defendant at the same time he executed the note, which contract did not have embodied in it the guaranty clause referred to in the testimony of the defendant. The defendant denied that he signed the contract introduced in evidence and asserted that his name or the signature thereto was a forgery. Considerable testimony and other evidence was introduced on behalf of the plaintiff and defendant on the question of the signature to the contract. Original notes and other instruments containing the admitted genuine signature of the defendant put in evidence are included in the case-made, but the original purchase contract introduced in evidence and herein referred to is not so included.

On cross-examination the defendant testified, in part, concerning the purchase agreement as follows:

"Q. You claim that you didn't sign this exhibit 4? A. No, sir, I didn't. Q. Now you did sign one just like this, with the exception, as you claim, that it had a few additional words in it? A. Yes. Q. What are the additional words that you claim were in the one you signed that are not in this one? A. Well, he wrote in there with a pen, 'We guarantee this machine to make $75 a month for 8 months in the year.' Q. Now, in your supplemental answer,—in your supplemental answer you say that if said writing, referring to the contract doesn't contain, in substance, what is shown by exhibit 'A' to your answer, then the same was fraudulently omitted from the same by the said plaintiff, through its said agent, by the said plaintiff's shuffling and manipulating papers in such way as to trick and mislead the defendant,—now, what is meant by that statement, Mr. Bingenheimer? A. Well, he changed it, a different contract, and signed my name to it, is all I can say."

The defendant further testified in part that he was able to read and write, and had been in business for several years operating a confectionery store.

The trial court made no special or specific findings of fact, but, since judgment was for the plaintiff and against the defendant, we assume that the court found against the contentions of defendant on the question of his signature to the purchase contract in evidence.

"Where a jury is waived and the cause is tried to the court, and the finding of the court is general, such finding is a finding of every special thing necessary to be found sustaining the general judgment, and such finding, when reasonably supported by the evidence in the case, is conclusive on the Supreme Court upon all doubtful and uncertain questions of fact so found." Russell v. Lennox Furnace Co., 136 Okla. 249, 277 Pac. 915.

It is further contended by the counsel for defendant that the plaintiff offered no evidence contradicting the evidence of the defendant except on the one question of signature to the contract of sale, and says that even if it should be admitted that he signed the contract, even then the judgment should have been for the defendant.

In view of the conflicting testimony and evidence relating to the execution of the purchase agreement and defendant's signature thereto, and the other facts and circumstances shown in the record, we do not believe it entirely or strictly correct to say there was no contradictory evidence to that of the defendant on questions other than as to the signature shown on the contract.

It has been held that even where no rebuttal testimony has been introduced, the court or jury are not required in every case to find for the party whose testimony is not contradicted by some other testimony.

"Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict." Continental Ins. Co. v. Chance, 48 Okla. 324, 150 Pac. 114; Carr v. Cobble, 107 Okla. 225, 232 Pac. 108.

"The rule undoubtedly is that where the positive testimony of a witness is uncontradicted and unimpeached, either by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic, it cannot be disregarded, but must control the decision of the court or jury. But a witness may be contradicted by the facts he states as completely as by direct adverse testimony. A court or jury is not bound to accept it as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions, which alone, or in connection with other circumstances in evidence, satisfy them of its falsity." Davis, Fed. Agt., of Railroads, v. Wyskup, 97 Okla. 239, 223 Pac. 357.

"In cases where fraud is alleged in the procuring of the execution of written instruments or deeds, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel the opposing presumptions." Moore v. Adams, 26 Okla. 48, 108 Pac. 392; Littlefield v. Aiken, 130 Okla. 142, 265 Pac. 1054.

See, also, Bass Furn. & Carpet Co. v. Finley, 129 Okla. 40, 263 Pac. 130; Potts v. First Nat. Bank of Durant, 143 Okla. 140, 287 Pac. 1003; Johnson v. Valleau, 110 Okla. 137, 236 Pac. 871; Critchlow v. Bacon, 142 Okla. 168, 285 Pac. 968, and the authorities therein cited and quoted from.

The defendant pleaded as a defense to the note sued on that he was induced to execute the same through the false and fraudulent acts and representations of the plaintiff's agent. The burden was upon him to establish such defense. The trial court found against him, and from an examination of the record, we are of the opinion that the judgment is reasonably supported by the evidence.

"Where disputed questions of fact are submitted to the trial court, in the absence of a jury, the finding and judgment of such trial court will not be disturbed on appeal if there is any competent evidence reasonably tending to support the same." North Carolina Mutual Life Ins. Co. v. White, 130 Okla. 119, 265 Pac. 642.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

BENNETT, TEEHEE, HERR, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.