Manuel RATH, Plaintiff,

v.

Ben LaFON, Judge of the Court of Common
Pleas of Oklahoma County, and John H.
Porter, Judge of the Special Sessions Court
of Oklahoma County, Defendants.

No. 42268.

Supreme Court of Oklahoma.

Feb. 21, 1967.

Rehearing Denied May 12, 1967.

Keith R. Treadway, Oklahoma City, for plaintiff (petitioner).

Philip Holmes, Oklahoma City, for defendants (respondents).

LAVENDER, Justice:

This is an original action wherein petitioner, as "plaintiff," has requested this court to assume original jurisdiction and issue a writ of prohibition upon the following facts which are undisputed:

Pursuant to the statutory authority of 11 O.S.1965 Supp. § 831 et seq., the Court of Special Sessions of Oklahoma County, Oklahoma was created. In 1964 one of the respondents herein, namely, the Honorable John H. Porter, was elected as the first judge of said court. Thereafter there was some "controversy" and "discussion" between various county officials of Oklahoma County as to where the court should be physically located. It should be noted at the outset that the court was invested with territorial jurisdiction co-extensive with the boundaries of the county wherein such court was authorized. After some discussion in which apparently the county attorney of Oklahoma County, or some member of his staff participated, it was decided that said court should sit in a building adjacent or in close proximity to the county courthouse of Oklahoma County, which is itself situated in downtown Oklahoma City. Thereafter the court began holding sessions at 329 Northwest Third Street in the City of Oklahoma City and was holding court at said location during all of the times herein involved. That from the time of the beginning of the Court of Special Sessions until this time said court has continued to function in the manner and to exercise the power and authority provided for in the Statutes of Oklahoma creating such court. During such period hundreds of cases have been determined involving rights and obligations of many citizens. We are told that during the period from January 11, 1965 through December 15, 1966, two thousand three hundred and six cases were filed in that court, and during the same period one thousand three hundred and four cases were either tried or otherwise finally determined. Included in these cases which were tried was a suit involving the petitioner herein as defendant. In that case, upon apparently valid service of process, and after the expiration of the time within which the defendant could have appeared to resist the plaintiff's cause of action, a default judgment was entered by the said judge of said court against the petitioner in this proceeding. Thereafter, in due course, the judgment was abstracted to the Court of Common Pleas of Oklahoma County, one of the judges of which is a "defendant" herein, namely, the Honorable Ben LaFon. The latter, upon application of the judgment creditor in the case, issued an order to the defendant (petitioner) to appear before the said Judge of the Court of Common Pleas and answer such questions as might be asked of the defendant concerning any property said defendant might have which could be applied toward the payment of the judgment. The defendant thereupon filed in the Court of Common Pleas his denial of jurisdiction and venue and motion to quash the order in which he asserted, as he does here, that the judgment of the Court of Special Sessions was void and without effect for the

reason that said Court was not a "properly constituted court and the purported judge of said court is not a properly constituted said (sic) judge and that all proceedings heretofore held in said court in Oklahoma City are null and void." The challenge was made upon the single ground that the statute under which the court of special sessions was authorized required that the court sit at the "city" described in said statute (11 O.S.1965 Supp. § 831), and that the City of Oklahoma City not one of the cities described in the statute because it did not fall within the population brackets employed in said statute. The section of the statute specifically referring to a city is Section 831, supra, and is as follows:

"In any county in the State of Oklahoma having a city with a population of more than twenty-five thousand and less than one hundred thousand, as shown by the 1960 Federal Decennial Census, or any subsequent Federal Decennial Census, there is hereby established at said city a court to be called the 'Special Sessions Court of (name of city) Oklahoma', which court may have one judge, one clerk, one deputy clerk, and two marshals. The court herein established shall not be a court of record."

We are therefore urged to hold void the action of Judge Porter, who was then the Judge of the Court of Special Sessions of Oklahoma County, in entering judgment in the case in that court involving this petitioner.

■ The respondents, on the other hand, contend that the statutory designation of the place where such court should be established was not "exclusive," and that because of the county-wide jurisdiction of said court—plus the fact that the court was named "Court of Special Sessions of _____ County" and because the statute was amended so that the sheriff's office would be in charge of serving papers—that all of these things evidenced a legislative "intent" that the court not be "exclusively" situated at the "city" described in the act. We cannot

agree. There is no occasion for this court to search for the "intent" of the Legislature in designating the location of the court in question. Upon a careful reading of the entire statute dealing with the creation of courts such as here involved, we are of the opinion that the act clearly required that such court be established at a city "with a population of more than twenty-five thousand and less than one hundred thousand, as shown by the 1960 Federal Decennial Census, * * *." It is equally clear that Oklahoma City's population far exceeds such figures. We are bound by the rule expressed in Hamrick v. George, Okl., 378 P.2d 324, and other cases, which is as follows:

"The presumption is that the legislature expressed its intent in a statute and that it intended what is expressed."

■ Neither do we feel that the amendments in 1961 of Section 837 and of Section 836 (11 O.S.1961) and the 1963 and 1965 amendments of Section 837, which amendments evidenced the creation of a court for the whole county rather than just for one city, necessarily impel us to conclude that such court could not sit at the city which Section 831 so clearly describes. There is nothing, other than convenience perhaps of the officers in serving papers, that would require such a court to be established at the county seat, and the clear legislative intent, when otherwise expressed, must be given full effect.

■ We are therefore of the view that the location of said Court of Special Sessions of Oklahoma County in the City of Oklahoma City was not in accordance with the statute authorizing such court. However, before we shall find that more than one thousand judgments of that court are now void, we believe that public policy demands that we consider whether the acts of the judge of that court, although technically defective, might not be accorded a de facto status, and upon that ground held presumptively valid and beyond collateral attack.

At this point, we feel it is appropriate to say that while we have determined, for the reasons herein stated, not to grant the writ requested by petitioner, we have also determined, because of the public interest involved when the validity of a court is questioned, to assume jurisdiction for the purpose of writing this opinion which we hope will clarify the situation.

The petitioner argues the rule that there must be a de jure office before there can be a de facto officer, and that there was no de jure court in this case. Petitioner directs our attention to Koch v. Keen, 124 Okl. 270, 255 P. 690, and the rule as also stated in 48 C.J.S. Judges § 2, pg. 950. In the cited case it was noted that this court had previously (Chicago R. I. & P. Ry. Co. v. Carroll, Brough, Robinson & Humphrey, 114 Okl. 193, 245 P. 649) held an act unconstitutional insofar as it authorized a district judge to serve also in an ex officio capacity as judge of a superior court to be situated at some town in the county other than the county seat. We held in that case (Chicago R.I. & P.), however, that the acts of the judge serving in such capacity would be accorded a de facto status. After the refusal of the regular district judge to continue as ex officio judge of the superior court, the governor appointed W. P. Keen as Judge of the Superior Court. However, before that judge had occasion to exercise the duties of the office, a writ of prohibition from this court was sought and granted. We have no quarrel with the holding of the Koch case. We believe, however, as we stated in Hamrick v. George, supra, "that the rule has not been universally accepted where great hardship to litigants and endless confusion would result by a strict adherence to the rule." In the Hamrick case we cited as supporting the stated exception to the rule the following authorities, which we feel are also helpful here: 99 A.L.R. 308; Adams v. Lindell, 5 Mo. App. 197, affirmed in 72 Mo. 198; Keeling v. Pittsburg, V. & C. R. Co., 205 Pa. 31, 54 A. 485; Lively v. Board of Education, 115 W.Va. 314, 175 S.E. 784; Arnold v. Hilts, 61 Colo. 8, 155 P. 316; and In re Santillanes, 47 N.M. 140, 148, 138 P.2d 503.

The facts in the case before us are much stronger than they were in Hamrick v. George, supra, to support a holding of de facto status. In Hamrick the "court" involved was abolished by statute, and the problem as to what effect this had on the subsequent acts of that "court" was answered by according to such acts a presumption of validity as the acts of a de facto court.

Concerning a "judge de facto," in Sheldon et al. v. Green, 182 Okl. 208, 77 P.2d 114, we held:

"[A] judge de facto is one acting with color of right, and who is exercising the judicial functions he assumes."

Other decisions in which de facto courts have been recognized and given validity are Layne v. State, 23 Okl.Cr. 36, 212 P. 328; Morford v. Territory, 10 Okl. 741, 63 P. 958, 54 L.R.A. 513; Oklahoma Transportation Co. v. Lewis, 177 Okl. 106, 58 P.2d 128, and Ex parte Owens, 49 Okl.Cr. 445, 295 P. 415.

Passing now to a consideration of the circumstances in the case before us, it was admitted that the challenged court was authorized by a valid enactment of the legislature; the incumbent was duly elected to the office of judge of that court by the electors of Oklahoma County. The defendant thereafter duly qualified for the office and entered upon the performance of his duties. Since that time and until the attack was made here, the judge of that court was accepted and acknowledged by the public generally as the exclusive judge of the Court of Special Sessions of Oklahoma County. As we have seen, many hundreds of cases have been submitted to and decided by the defendant as judge of that court. Under these circumstances we hereby determine that all acts, orders, decrees and judgments of the Honorable John Porter entered and/or performed by him in the capacity and while acting as Judge

of the Court of Special Sessions of Oklahoma County which have now become final, as well as those similar acts of said court which may attain final status prior to this decision becoming final, are decreed to be valid acts of said judge of said court to the same extent as if the acts were those of a de jure judge of a de jure court.

■ Since we have herein determined that all judgments of the said Honorable John Porter as Judge of the Court of Special Sessions were and are valid to the same extent as the acts of a de jure judge, the law is clear beyond the necessity to cite authority that such acts may not be made the subject of collateral attacks.

Accordingly, writ denied.

All the Justices concur.