MUNICIPAL HOUSING AUTHORITY — CONFLICT OF INTEREST A municipal housing authority may do business with a bank wherein the executive director of the authority is a member of the board of directors of the bank in question. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Can a municipal housing authority do business with a bank wherein the executive director of the authority is a member of the board of directors of the bank in question?" It would appear that 63 O.S. 1059 [63-1059] (1975), dealing with the conflict of interest of housing authority commissioners, officers, and employees, would govern the enumerated question. Said statute provides as follows: "During his tenure and for three (3) years thereafter, no commissioner, officer, or employee of the local housing authority shall voluntarily acquire any interest, direct or indirect, in any project or in any property included or planned to be included in any project, or in any contract or proposed contract relating to any housing project. If any such commissioner, officer, or employee involuntarily acquired any such interest, or voluntarily or involuntarily acquired any such interest prior to appointment or employment as commissioner, officer, or employee, the commissioner, officer, or employee, in any such event, shall immediately disclose his interest in writing to the authority, and such disclosure shall be entered upon the minutes of the authority, and the commissioner, officer, or employee shall not participate in any action by the authority relating to the property or contract in which he has any such interest. Any violation of the foregoing provisions of this section shall constitute misconduct in office. This section shall not be applicable to the acquisition of any interest in notes or bonds of an authority issued in connection with any housing project, or to the execution of agreements by banking institutions for the deposit or handling of funds in connection with a project or to act as trustee under any trust indenture, or to utility services the rates for which are fixed or controlled by a governmental agency. "B. Nothing in this section shall be construed to apply to the housing authority commissioner who is a tenant." (Emphasis added.) Since banking transactions seem to be expressly excluded from the conflict of interest provision, it would appear that the rule to be followed was stated in the case of In re Guardianship of Campbell, Okl., 450 P.2d 203, wherein the Court provided that: "A cardinal principle of statutory construction is that where the language of a statute is plain and unambiguous and the meaning is clear and unmistakable, there is no room for construction, and no justification exists for interpretative devices to fabricate a different meaning." Further, in Rath v. LaFon, Okl., 431 P.2d 312 (1967), the Court stated that the presumption is that the Legislature expressed its intent in a statute and it intended what is expressed. The issue presented in 4 Okl.Op.A.G. 166 (71-224) concerned a member of a district board of education also being the president of a bank wherein school funds were deposited. Under 62 O.S. 371 [62-371] (1971), a conflict of interest provision concerning boards of county commissioners, city councils, boards of trustees of towns, and district boards of education, "the depositing of any funds in a bank or other depository shall not be considered the making of a contract." Therefore, such was not a conflict of interest. Nor did a conflict of interest exist in violation of the Oklahoma Code of Ethics for State Officials and Employees, 74 O.S. 1401 [74-1401] et seq. (1971), when a member of the Oklahoma Turnpike Authority was involved in securing a state bank charter. See 2 Okl.Op.A.G. 278 (69-338). It then seems apparent that the Oklahoma Legislature has consistently excluded certain banking transactions from particular conflict of interest statutes. Further, there is no provision in the Oklahoma Banking Code, 6 O.S. 101 [6-101], et seq. (1971), that would prohibit a member of the municipal housing authority from doing business with a bank whereof he was also a member of the board of directors. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A municipal housing authority may do business with a bank wherein the executive director of the authority is a member of the board of directors of the bank in question. (MARVIN C. EMERSON) (ksg)